23  533
73a 536

THE TOWN OF LEWISTON, Plaintiff in Error, *v.* WILLIAM PROCTOR, Defendant in Error.

THE SAME *v.* THE SAME.

### ERROR TO FULTON.

The statute requiring security for costs in penal actions does not apply to actions for violation of city or town ordinances.

If a person act as a justice of the peace or police magistrate, whether he was irregularly elected or for a proper period, cannot be inquired into collaterally. His decisions under color of office will be enforced.

THESE were complaints against Proctor, for a violation of certain ordinances of the town of Lewiston, prohibiting an incumbrance of the streets of that town, returnable before one Job K. Sweet, as the police justice of said town.　Judgments were pronounced against Porter, who took an appeal to the Circuit Court of Fulton county.

At the June term of the Fulton Circuit Court, before BAILEY, Judge, the plaintiff moved to dismiss the appeal for the following reasons:

1st.　The appeal was not taken in time provided by law for appeals in such cases.

2nd.　The bond does not describe the same judgment as recited in the transcript.

Which motion was overruled by the court.

At the September term, 1859, of said court, the defendant entered his motion to dismiss the suits, and assigned the following reasons:

1st.　Because the plaintiff did not give security for costs in the court below.

2nd.　Because the court below refused to grant a change of venue on application of defendant.

3rd.　For want of jurisdiction in the court below.

4th.　For insufficiency of the complaint.

After argument, the court sustained the motion and dismissed the suit, and thereupon rendered judgment against the plaintiff for costs; to which decision, in dismissing said suit and rendering said judgment, the plaintiff excepted.

The plaintiff comes to this court by writ of error, and makes the following assignment of errors:　The Circuit Court erred in refusing to dismiss the appeal; in dismissing the suit; and in rendering judgment against the plaintiff below.

The proceedings and questions in the two cases, are very similar.

GOUDY, JUDD & BOYD, for Plaintiff in Error.

M. HAY, and M. S. KIMBALL, for Defendant in Error.

CATON, C. J.　The statute requiring security for costs to be given in actions on penal statutes, does not in our opinion apply to actions brought by municipal corporations for violation of town or city ordinances.　Such ordinances are not statutes within the meaning of that act.

In the view we take of this case, it is quite immaterial whether that section of the Lewiston charter which authorizes the election of a police magistrate for the term of two years, was void

or not.   We held, in Welch's case, that police magistrates are justices of the peace.   And as such, the justice before whom these actions were commenced, was professing to act, having been elected and commissioned as such officer, and was therefore a justice of the peace *de facto*, and his right to the office cannot be inquired into collaterally.   It is true, as contended by the counsel for the defendant, there can be no such thing as an *office* de facto.   There must be an office *de jure* which the officer *de facto* might fill before his acts can be held valid.   But independently of the section of the Lewiston charter referred to, the law had created such an office there, as a justice of the peace, not only by that name, but the law of the 27th February, 1854, created the offices of police magistrates in all towns and cities of the State, their number in each town depending on the number of the inhabitants within it, so that there can be no controversy as to the fact that here was such an office as this officer was claiming to hold.   Suppose the inhabitants of a town, which from their number is only entitled to two police magistrates, should elect three, all of whom should be commissioned by the governor; who would contend, that in an action pending before the one who received the smallest number of votes, it could be shown, to oust him of jurisdiction, that there were less than twelve thousand inhabitants in the town, when he was elected?   The very statement of the case answers the whole argument.   We know by the law of the land that there was such an office as police magistrate or justice of the peace, at the place where this man was exercising the duties of such office, and the case shows, that he exercised those functions by color of office. This brings him clearly within the legal definition of an officer *de facto*, and his right to the office could not be questioned collaterally.

It was supposed that we had decided, in Maynard's case, 14 Ill. R. 419, that one holding office under an old law, which did not make him a justice of the peace, could not be a justice of the peace under the new constitution.   We did decide that he could not be a justice *de jure*.   That was a direct proceeding against the mayor of Rockford, to compel him to act as a justice of the peace, and we decided that he was not a justice of the peace *de jure*, and refused the mandamus.   But had he assumed to act under his commission as a justice of the peace, it by no means follows that we should have held his acts void.

The judgments in these causes must be reversed and the causes remanded.

*Judgments reversed.*