THE CITY OF QUINCY, Plaintiff in Error, v. JOSEPH M. BALLANCE, Defendant in Error.

ERROR TO ADAMS.

The law requiring security for costs, in prosecutions under penal statutes, does not refer to prosecutions under city ordinances.

THIS was a suit by plaintiff in error before police magistrate of the city of Quincy, for violation of city ordinances regulating the sale of fresh meats in the city of Quincy.

Defendant in error moved to dismiss suit for want of a bond for costs. Motion overruled. Trial, and judgment against defendant in error.

Appeal by defendant to Circuit Court.

Defendant renews motion to dismiss in Circuit Court, and cause dismissed ; and judgment against plaintiff for costs of suit.

The bill of exceptions shows, that on the hearing of motion in the Circuit Court, " it was admitted that no bond for costs had been filed in this cause," " and that said motion was made in due time before the justice of the peace, as appears by the transcript from his docket, and that no other evidence was given or offered."

The transcript shows appearance and continuance, by consent, before the making of said motion to dismiss.

The errors assigned are : dismissing suit for want of bond for costs; rendering judgment on said motion, against plaintiff for costs.

SKINNER & MARSH, for Plaintiff in Error.

I. The statute in relation to security for costs, has no application to the State, a county or city. Cities exist for governmental purposes, exercise the municipal powers delegated by the State in their charters, for public purposes of local government, and are auxiliary to the State for political and civil purposes, in maintaining public order, and exercising a part

13

of its sovereignty. Angell on Corporations, sections 16, 18, 31, 35; *Mayor of Baltimore* v. *Root*, 8 Md. 95; *McKim* v. *Adam*, 3 Bland. Ch. R. 417; 2 Kent's Com. 275.

And by all the analogies of law, the immunities and prerogatives of the State, within the scope of their charters, apply to them. *City of Chicago* v. *Halsey*, 25 Ill. 595.

II. Ordinances of a city are not " penal statutes," within the meaning of the statute relating to costs. Statutes, 1856, p. 275.

III. The motion for security for costs was not made till after appearance and continuance, and therefore came too late. The admission in the record refers to the transcript, and that shows motion made after appearance and continuance of cause. 14 Ill. 71; 12 Ill. 27, 154.

GRIMSHAW & WILLIAMS, for Defendant in Error.

There is no question made by this record as to the time when the motion for security for costs was made before the justice. No such point was made below, it was not intended to be made, and the record by the bill of exceptions shows that it was conceded to have been made in proper time.

As a matter of fact, it was made in time.

Ballance, a butcher, prosecuting his business in Quincy, was sued by summons by the city of Quincy, for an alleged violation of a market ordinance, a revenue regulation; the action was debt to recover a penalty; the commencement of suit was by summons and service of process by reading.

There is, no doubt, a class of cases where public peace is violated, such as assault and battery, disturbance of public quiet, etc., that are criminal misdemeanors, punishable by city ordinances, where prosecutions are properly commenced by capias and service is made by arrest, which are so nearly in the nature of prosecution for crime, that it may with some propriety be said, that of necessity no bond for costs need be given.

In that class of cases, there is some propriety in the proposition that as to those cases for police purposes, cities may to some extent stand in the position of the State.

But this was merely an attempt to collect a revenue by ordinance to be enforced by suit in debt by summons, and is precisely similar to the position of a case to enforce a general penal statute.

When the State prosecutes for assault and battery, it is a criminal prosecution, and no costs are paid, nor bond for costs required ; but by Rev. Stat. 1845, p. 126, section 1, title Costs, it is provided, that a bond for costs should be given in actions on "penal statutes."

This statute has been held to apply to suits before justices that are enumerated in the same section.  *Robertson* v. *County Commissioners,* 5 Gilm. 564.  Arguments from inconvenience have but little weight usually with courts.  But should it be permitted, that a city should, when intangible, be allowed to sue for mere collection of revenue, and compel defendants always to litigate at their own cost?  It has occurred repeatedly, between these same parties, that the city has sued Ballance, and he has made a full defense on the merits, and yet has had to pay his own costs.  Any city or town corporation can ruin any person should such corporation choose to sue frequently.  The corporation sues by summons ; if successful, the corporation is safe, if unsuccessful, the corporation is safe, and the innocent defendant is severely punished by a bill of costs made in defending his rights.

The record in this case shows, that this corporation is insolvent, and on application in this court for a rule for security for costs, based on affidavit of insolvency, the corporation gave security.

We insist, that such an ordinance as the one involved in this case, is a "penal statute," in the meaning of the law regulating costs.

It is *penal.*

A statute is defined, both by Webster and Worcester, as "The act of a corporation or of its founder, intended as a permanent rule or law, as the statutes of a university."

The laws adopted by the universities in England, are called statutes.  See Grant on Corporations, (49 Law Library), p.

514, top.   The rules adopted by the founder of a corporation, are called statutes.   Grant on Corporations, top p. 527.

So as to schools.   Ibid, top p. 550 ; ibid., title Colleges, p. 524, top.   Blackstone enumerates, as one of the powers of a corporation, the right " to make by-laws or private statutes."

The words statute and ordinance, when applied to the rules or public laws of corporations, are synonymous, and this "ordinance" being to inflict a " penalty," and not to punish for crime or misdemeanor, is *a penal statute* in the meaning of the act in relation to costs.   No harm can happen to the public by such a construction, while much hardship may arise by permitting an insolvent corporation to sue without liability for costs.

CATON, C. J.   The only question in this case is, whether city ordinances imposing penalties for certain acts are penal statutes within the meaning of our law which requires security for costs to be given in prosecutions under penal statutes. This question was directly raised and expressly decided in the case of the *Town of Lewistown* v. *Proctor*, 23 Ill. 533.   We have, upon the argument of this case, reconsidered the question, and are still of the opinion, that it was not the intention of the legislature, in the enactment of that law, to embrace within it city ordinances.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*