*(Circuit Court of Cook County.)*

## In the Matter of Amanda B. Thompson.

(January, 4, 1872.)

1. OFFICERS—DE FACTO—ACTS OF—COLLATERAL ATTACK. Where a person exercises the duties of an officer performing the functions by color of office, he is an officer *de facto* and his right to office cannot be collaterally attacked.

2. SAME—COMMITMENT BY DE FACTO JUSTICE OF PEACE—HABEAS
   CORPUS. The act of a justice of the peace *de facto* in committing
   a person to jail cannot be attacked on habeas corpus, where, if
   he had been an officer *de jure* the committment would have been
   proper.

Petition for *habeas corpus*. The facts are stated in the opinion of the court. Heard before Judge John G. Rogers.

ROGERS, J.:—

It appears by the petition for the writ of *habeas corpus* filed by Amanda B. Thompson, the return of sheriff to said writ, and the copy of the *mittimus* under which she was committed, that said petitioner was examined before John Summerfield, acting as police magistrate, upon a charge of larceny; that she was found guilty of the charge and held to answer in the criminal court, and, failing to give bail, was committed to the custody of the sheriff, by whom she is detained in jail. Her discharge is sought upon the alleged ground that Summerfield, at the time he examined the charge and issued the *mittimus*, was not a justice of the peace of Cook county. It was agreed upon the hearing that Summerfield was regularly elected and commissioned police magistrate of the city of Chicago some years ago; that he was not appointed a justice of the peace by the governor, under the constitution, and that at the general election, duly called and held in November, 1871, he was elected a police magistrate for the city of Chicago, took the oath of office and gave bonds as such, but that the governor of the state has failed to issue a commission to him as such police magistrate, and that the common council of the city has designated him to act as police magistrate for the south division of the city.

It also appeared that he was acting in that capacity at the time he issued the *mittimus*, under which the petitioner is held, although he signed it as "John Summerfield, Justice of the Peace."

The question as to his right to the office, whether he held an office *de jure*, was the only one discussed by the learned

gentlemen appearing for and against the petitioner, and seemed to be the only one upon which a decision by the court was desired. But in the view of the case taken by me, I do not feel that it is either right or proper that I should undertake to decide that question. It is not necessary to the disposition of the case, and, as such a decision would not settle the disputed *right* to the office, I do not feel inclined to investigate it fully or declare my opinion upon it.

There is more than one legal proceeding by which it can be finally and fully determined whether Summerfield is *by legal right* a police magistrate or justice of the peace. This proceeding is not one of them.

John Summerfield, as it appeared by the agreed statement of the facts, down to the election held last November, a police magistrate of this city, duly elected and commissioned, was, at that election, voted for and declared elected for another term, executed bond as such, took the oath of office, and was subsequently designated by the common council of the city to act as police magistrate. He acted in that capacity, professing to be such officer.

It has often been held by the courts of last resort, in several of the states, and expressly so by the supreme court of this state, that when a person exercises the duties of an officer, performing the functions by *color* of office, he is an officer *de facto,* and his *right* to the office cannot be questioned collaterally. See *Town of Lewiston v. Proctor,* 23 Ill. 533.

Also, the People on the relation of *People ex rel. Ballou v. Bangs,* 24 Ill. 184, in which it was decided that, although Judge Bangs was not judge of the circuit court, *de jure*— his election not being authorized by the constitution, and therefore void—yet he had *color* of office, and, acting as he did, under that *color,* his acts were valid.

The court, however, decided that he did not hold the office of judge *de jure,* and ousted him. This was a proceeding to determine who was really and legally the judge, and if it is desired to test the same question so far as John Summerfield is concerned, the way is open and clear.

In *People ex rel. v. Maynard,* 14 Ill. 419, the supreme court decided that holding office under an old law, which did not make him a justice of the peace, could not be such justice under the *then* new constitution. That was a direct proceeding to test the question of *right,* and the court held that he was not a justice of the peace *de jure.* "But," says the court, in referring to this Maynard case, when deciding the Proctor case, *supra,* "had he assumed to act under his commission as a justice of the peace, it by no means follows that we should have held his acts void."

These authorities are conclusive of the question presented here. I am bound by them, and whatever opinion I may entertain upon the right of Summerfield to the office, I am decidedly of opinion that his act under color of office in committing the petitioner was not void. Let the petitioner be remanded to the sheriff, to be held in custody under the *mittimus* issued by Summerfield.