GEORGE F. STAINBROOK

v.

WILLIAM C. DUNCAN.

_Practice — Failure to Take Default Against Parties Not Pleading — Dismissal After Verdict—Sale of Goods — Whether Fraudulent as to Creditors — Right of Debtor to Prefer Creditors — Remitting Part of Verdict—Instructions._

1. While it is proper practice to take a default against such defendants as are served and do not appear, and have the jury sworn to try

Stainbrook v. Duncan.

the issues between the plaintiff and such parties as do appear, yet, upon the case presented, this court holds that the failure to take a default in such case was cured by a motion, after verdict, to dismiss as to such defendants as had not appeared. The action being for tort, the plaintiff was not bound to sue all, or to recover against all, and he had the right to dismiss, as to part of the defendants, at any time before final judgment.

2. Under the law of this State, a debtor may prefer one creditor to all others, and it makes no difference what was his intent in so doing if the preferred creditor is innocent, and, in case of a transfer to him of goods, takes them at a fair price, and for the sole purpose of collecting his debt.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Lee County; the Hon. John D. Crabtree, Judge, presiding.

On the 27th day of May, 1891, George W. Duncan sold a stock of goods in Dixon, Illinois, to his brother, William C. Duncan, and on the same day William C. Duncan took possession of the store and the stock of goods and commenced selling at retail. On June 5, 1891, Charles H. Marshall and Henry E. Patrick, wholesale merchants in Chicago, sued out a writ of attachment from the Circuit Court of La Salle County, against George W. Duncan, and placed it in the hands of George F. Stainbrook, sheriff of Lee County, to be executed. On June 10, 1891, by virtue of this writ, Stainbrook levied upon and removed a portion of this stock of goods from said store. The goods taken were worth $916.15, and were, when taken, and had been, since the 27th day of May before, in the possession of William C. Duncan. This suit was brought to recover the value of the goods taken and for other damages claimed by William C. Duncan. Neither Marshall nor Patrick put in any plea or appearance in the action. Stainbrook appeared and pleaded, justifying under the writ of attachment. A jury was selected and sworn to try the issues (no default having been taken as to Marshall & Patrick), the same as if Marshall & Patrick had pleaded. A verdict was rendered

against all the defendants for $1,200; after motion for new trial, plaintiff entered cross-motion to dismiss as to Marshall & Patrick, and to remit $283.85 of the verdict, which motion was allowed by the court over defendant Stainbrook's objection; the motions for a new trial and in arrest of judgment were overruled by the court, and judgment rendered against Stainbrook for $916.15.

Messrs. A. K. TRUSDELL and SMITH, HELMER & MOULTON, for appellant.

The proper practice is to default such of the defendants who are served and do not appear and plead, swear the jury to try the issues as to those who plead, and also to assess the plaintiff's damages against those defaulted. Wight v. Meredith, 4 Scam. 360; Wight v. Hoffman, 4 Scam. 362.

The plaintiff's second instruction is bad, because it tells the jury that if William C. Duncan took the goods in good faith and without intent to defraud, and the defendants afterward took them from him, he had ⁺he right to recover their fair market value.

This instruction entirely ignores the fact of plaintiff's knowledge of his brother's intent to defraud, or hinder and delay his creditors. W. C. Duncan might take them in good faith, in payment of his debt, and at the same time know that his brother was transferring the goods to him in order to defraud, or hinder and delay his other creditors; in such case he would not be entitled to hold the goods against the claims of other creditors. "A transfer must not only be on a good consideration, but also *bona fide*." Bump on Fraudulent Conveyances, 230.

"Fraud may as readily be effected when a full price is paid as when nothing is paid. A person may resolve not to pay his debts, and another knowing this may treat with him and purchase his whole estate at a fair and full price, and thus enable him to defeat the claims of his creditors." Bump on Fraudulent Conveyances, 231; Rea v. Alexander, 5 Ind. 644; Louny v. Pinson, 2 Bailey, 324; Kaine v. Weigley, 22 Penn. 179.

The intent of G. W. Duncan in making the conveyance to defraud, hinder and delay his creditors, and the plaintiff's knowledge of such intent, is entirely ignored in this instruction.

The third instruction is bad. It tells the jury that a creditor has a right to take property from his debtor, in payment of a debt, provided he does not take it for the purpose of hindering, defrauding or delaying other creditors. Such is not the law. It is not necessary that the grantor and grantee shall be actuated by like motives to cheat and defraud the grantor's creditors. Their motives and intentions may be entirely different. If the grantee has notice at the time that the debtor is transferring his property to hinder and delay or defraud his creditors, it will make the transfer void, although he had no wish to defraud such other creditors. Edgnell v. Lowell, 4 Vt. 405; Fuller v. Sears, 5 Vt. 527.

Actual knowledge on the part of the grantee is not necessary. If he has knowledge of facts sufficient to excite the suspicions of a prudent man and put him on inquiry, or to lead a person of ordinary perception to infer fraud, and has the means of knowing, by the use of ordinary diligence, the condition of the seller, and his intent, he is as much bound as if he had actual knowledge of his debtor's intent to hinder and delay his creditors, and the transaction is void as to such other creditors. Mills v. Howth, 19 Texas, 257; Green v. Tantum, 4 C. E. Green, 105; Atwood v. Impson, 5 C. E. Green, 150; Jackson v. Moltur, 7 Cowen, 301; Wright v. Broudis, 1 Ind. 336; Ruffling v. Tilton, 12 Ind. 259; Humphries v. Freeman, 22 Tex. 45; Parkinson v. Hanna, 7 Blackf. 415; Foster v. Grigsby, 1 Bush. 86.

In consideration of the above authorities the appellant asked the court to give the instruction, which the court refused. Such refusal, in the light of the authorities above referred to, was error. The instruction goes no farther than these courts have decided. If W. C. Duncan had the notice of the facts recited in the instruction, then he was chargeable with facts which would put a prudent man on inquiry, and if he purchased under such circumstances, his purchase

was void as against the other creditors of George W. Duncan.

Messrs. Morrison & Wooster, for appellee.

A debtor may sell, mortgage or pledge his property to pay a just debt, and even though by so doing it puts his property beyond the reach of other creditors, it will not subject it to attachment, unless it was intended and designed to hinder and delay creditors. If a transaction is made in good faith, it matters not how many creditors are prevented thereby from reaching the property. A party, though in debt, may sell his property to whom he pleases, and he may prefer one creditor to all others. Hessing v. McCloskey, 37 Ill. 353; Dempsey v. Bowen, 25 Ill. App. 192; Schroeder v. Welch, 120 Ill. 404.

It makes no difference what the intent of the grantor may be, before a sale can be set aside and the property subjected to the payment of the grantor's debts, it must be shown that the grantee participated in the fraud. Hatch v. Jordan, 74 Ill. 414; Schroeder v. Walch, 120 Ill. 403; Ewing v. Runkle, 20 Ill. 449; Chapman v. Windmiller, 29 Ill. App. 393; Esdall v. Atwood, 47 N. W. Repr. 1124.

Whether the transfer of the stock from George W. Duncan to appellee was made in good faith, and to pay an honest debt, was a question of fact. It was submitted to a jury, who saw and heard the witnesses, and whose peculiar province it is to try questions of fact, and the finding should not be disturbed, unless it is manifestly and palpably against the weight of evidence. Chicago & E. R. R. v. Blake, 116 Ill. 163; West Chicago A. Works v. Sheer, 8 Ill. App. 367; Knisely v. Sampson, 100 Ill. 573; Calvert v. Carpenter, 96 Ill. 63; C. & N. W. R. R. v. Ryan, 70 Ill. 211; Papineau v. Belgarde, 81 Ill. 61; McClelland v. Mitchell, 82 Ill. 35; Teutonia Life Ins. Co. v. Beck, 74 Ill. 165; Corwith v. Colter, 82 Ill. 585; Palmer v. Weir et al., 52 Ill. 341; C. & R. I. R. R. Co. v. Hutchins, 34 Ill. 108; C. & R. I. R. R. Co. v. Crandall, 41 Ill. 234; Davis v. Hoeppner, 44 Ill. 306; Singer Mfg. Co. v. Pike, 12 Ill. App. 506; Malburn v. Schreiner, 49 Ill. 69,

143; Kuhnen v. Blitz, 56 Ill. 171; Johnson v. Smallwood, 88 Ill. 73.

Mr. Justice Harker. Appellant seeks a reversal of the judgment against him because, first, the court erred in pro- ceeding to try the cause without first taking a default against Marshall & Patrick; second, the verdict is against the evidence; third, the court erred in allowing plaintiff's motion to remit; and fourth, the court incorrectly instructed the jury. While it is the proper practice to default such of several defendants as have been served and do not plead, and have the jury sworn to try the issues made up between the plaintiff and such defendants as do plead, yet we are of the opinion that the irregularity occurring in that regard in this case, was cured by the motion and order to dismiss as to Marshall & Patrick. This was an action for tort. It was not necessary to sue all or recover against all. The plaintiff had the statutory right to dismiss as to Marshall & Patrick at any time before final judgment. We are unable to see how Stainbrook was in the least prejudiced by the action of the plaintiff in not defaulting the other de- fendants.

The evidence shows that in 1885 appellee loaned his brother, George W. Duncan, $750; that during the same year he entered the service of his brother as a clerk in his store at a stipulated price of $25 per month and his board, working on those terms for four years; that his salary was then raised to $450 per year, at which it remained for a period of two years; that having other means to meet his personal expenses he drew none of his salary and received from his brother none of the $750 loaned; that as security for the money loaned it was agreed that the bank account of George W. should be run in appellee's name; that in the spring of 1891 a settlement was had between them, when it was found that his brother owed him $3,000, for which sum a judgment note was executed and delivered to appellee. It also appears that appellee, being unable to obtain payment from his brother, had judgment entered upon the note, exe-

cution issued and the same levied upon the stock of goods.
When the sheriff began to make an inventory, George W.
executed a bill of sale, under which the goods were turned
over to appellee, and the execution was returned satisfied.
Appellee then began to sell the goods at retail and contin-
ued to do so until the levy of the attachment writ sued out
by Marshall & Patrick. It is insisted by appellant that
these two brothers deliberately planned a scheme for George
W. Duncan to obtain a large stock of goods on credit and
then sell out to appellee; that George W. did not owe the
money claimed to be due when the $3,000 note was executed,
and that their conduct shows a cunningly contrived purpose
to defraud creditors. The evidence as to the indebtedness
between the two brothers was confined almost entirely to
the testimony of appellee. His statements were reasonable
and lead us to the conclusion that the $3,000 note repre-
sented actual indebtedness. We see no evidence of bad
faith on his part. It does not appear that any step was
taken by him not allowable to a creditor seeking the secu-
rity and collection of his debt. He had the right to take the
entire stock of goods in satisfaction of his debt, although
he knew that by so doing his brother would be left with no
property out of which other creditors could satisfy their
debts. Whatever may be the rule elsewhere, it is the well
settled law of this State that a debtor may prefer one cred-
itor to all others, and it makes no difference what was his
intent in disposing of his goods if the preferred creditor was
innocent, and took the goods at a fair price and for the sole
purpose of collecting his debt. Hessing v. McCloskey, 37
Ill. 353; Hatch v. Jordan, 74 Ill. 414; Schroeder v. Welch,
120 Ill. 404.

Appellee's second and third instructions, the only ones
complained of by appellant, are in harmony with the above
cited authorities, and in view of the evidence were properly
given to the jury. The practice of allowing a plaintiff to
remit a part of the verdict is so firmly established, that we
deem it unnecessary to discuss appellant's contention that
" the court erred in allowing the plaintiff's motion to

remit." The practice prevails in actions *ex delicto* as well as in actions *ex contractu.* Albin v. Kinney, 96 Ill. 214; Union Rolling Mill Co. v. Gillen, 100 Ill. 52.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*