## Illinois Central Railroad Co. v. John R. Foulks et al.

1. COMMON CARRIERS—*Liability for Mistakes of Employes in Billing Consignments of Freight.*—Where several railroad companies are operating parts of a continuous line for their joint benefit, each for itself as well as for the others, as carriers of freight, under a contract providing that what they do for each other is to be done under the contract and not as agents or servants, each company is responsible for the mistakes of its own employes in billing consignments of freight.

2. NEW TRIALS—*In Actions Ex Delicto.*—The liability in actions of tort is joint and several, and a new trial can be granted as to some of the defendants without being awarded as to others.

3. PRACTICE—*Judgments in Actions Ex Delicto.*—Where a verdict is returned against several defendants in an action of tort and judgment is rendered against them, it must be for the full amount against all, but the plaintiff may dismiss as to part and take judgment against the remaining defendants upon the verdict of guilty against each.

4. SAME—*Where a Party Desires to Take Advantage of a Variance.*— A party desiring to take advantage of a variance between the declaration and the evidence, should object to the evidence when offered and point out wherein the variance consists.

Action on the Case, for damages to a consignment of freight. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed December 18, 1900.

JOHN G. DRENNAN, attorney for appellant; J. M. DICKINSON, of counsel.

For a mere non-feasance an agent is not liable to any one but the master. Before the agent can be made legally liable to a third party, the act of the agent must amount to positive misfeasance. Am. & Eng. Ency. of Law, 2d Ed., Vol. 1, pp. 1133–4, and notes.

An agent is not liable to any one but his principal for the acts of his (the agent's) servants or those employed by him in the service of his principal. Stone v. Cartwright, 6 T. R. 411; Story on Agency, 8th Ed., Sec. 217a.

A servant or agent is not liable to a third person for a failure to perform the master's or principal's obligations to such third person. Am. & Eng. Ency. of Law, Vol. 14, p. 873 and citations in note 5.

A railroad company may act as an agent in the line of railroad business. Thompson's Commentaries on Corporations, Vol. 5, Sec. 5833.

"In an action of tort against several defendants, if the jury return a joint verdict against them, judgment should be rendered against them jointly." Am. & Eng. P. & P., Vol. II, p. 857.

A joint verdict, not supported by evidence as to one, must be set aside as to all. Sperry v. Dickinson, 82 Ind. 138; Graham v. Henderson, 35 Ind. 195.

A judgment of court must follow and correspond with and be only the legal result of the facts found in the verdict. The verdict is the basis of the judgment. Thompson v. Albright, 14 S. E. Rep. 1120; Mayfield v. State, 40 Texas, 290; Freeman on Judgments, 4th Ed., Vol. 1, Sec. 50 d.

The court can not look to the evidence to determine what judgment it will render, but must look to the verdict alone. The judgment, if any is rendered, must follow the verdict. Akin v. Jefferson, 65 Texas, 137–141; Fields v. Williams, 91 Ala. 506; Eams v. Stevens, 26 N. H. 123.

If perishable goods are injured while in transit on account of their own intrinsic qualities, the railway company is not liable. Hutchinson on Carriers, 2d Ed., Sec. 220.

A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers being shown, the jury has the right to infer that they continued in that condition down to the time of their delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession. Hutchinson on Carriers, Sec. 761.

JOHN M. ZANE and W. H. WILKINS, attorneys for appellees.

Where two railroads have a continuous line dividing the freight between them, each railroad remains liable for negligence upon its own line. Ellsworth v. Tartt, 26 Ala. 733; Irvin v. Railway Co., 92 Ill. 103; Peterson v. Railway Co., 80 Iowa, 92; Hart v. Railway Co., 8 N. Y. 37; C., H. & D. Ry. Co. v. Spratt, 2 Duv. 4; Hill Mfg. Co. v. Boston & Lowell Ry., 104 Mass. 122; Wyman v. R. R. Co., 4 Mo. App. 35; Insurance Co. v. R. R. Co., 104 U. S. 146.

If an agent is an independent contractor, he is liable to the party injured by the negligent act of his employe. Hilliard v. Richardson, 3 Gray, 349; Scammon v. Chicago, 25 Ill. 424; Pfau v. Williamson, 63 Ill. 16; Kepperly v. Ramsden, 83 Ill. 354; Hale v. Johnson, 80 Ill. 185.

An independent contractor is responsible for its subemployes. Blake v. Ferris, 5 N. Y. 48.

If two railway companies are partners, each is liable for itself as well as for the other. Bostwick v. Champion, 11 Wend. 571; 18 Wend. 175; Carter v. Peck, 4 Sneed, 203.

A mistake in misbilling that causes delay renders the railroad liable. C. & E. I. Ry. v. Neimann, 84 Ill. App. 272.

If an agent is guilty of misfeasance, as distinguished

from nonfeasance, the agent is liable to a third party injured by the act. Bell v. Josselyn, 3 Gray, 309; 1 Am. & Eng. Enc. of Law, 2d Ed., 1131, 1135, where the authorities are fully collected.

The plaintiff in action in tort can take judgment against as many defendants as he pleases, and may dismiss as to other defendants served, at any time before final judgment. Stainbrook v. Duncan, 45 Ill. App. 344; Boston v. Simmons, 150 Mass. 461; 6 L. R. A. 629 and note; Matthews v. D. L. & W. R. R., 56 N. J. Law, 34.

In actions of tort the court may enter judgment as to one without disposing of the case as to others. The defendant against whom judgment is taken can not assign the fact as error. Davis v. Taylor, 41 Ill. 405.

The court may grant a new trial as to certain defendants found guilty of tort by the verdict, and enter judgment as to the others. Albright v. McTighe, 49 Fed. Rep. 817; Houston v. Bruner, 39 Ind. 376; Lee v. Fletcher, 46 Minn. 49; Smith v. Foster, 3 Cold. 147; Terpenning v. Gallup, 8 Ia. 75; Heffner v. Moyst, 40 Ohio St. 112, 113; Hayden v. Woods, 16 Neb. 306, and see Bicknell v. Dorin, 16 Pick. 478, for a full examination of authorities by Chief Justice Shaw.

In actions of tort there can be no variance where a joint tort is charged, and the proof shows one or more of the defendants guilty. Swift & Co. v. Rutkowski, 182 Ill. 18; Frink v. Potter, 17 Ill. 411; Baker v. R. R. Co., 42 Ill. 73; I. & St. L. R. R. v. Hackethal; 72 Ill. 612; see, also, McCall v. Forsyth, 4 Watts & S. 179; Smith v. Seward, 3 Barr. 342; Wyld v. Pickford, 6 M. & W. 222.

Objection to evidence on the ground of variance must be made when the evidence is offered. It is too late to object after the evidence is in. Swift & Co. v. Rutkowski, 182 Ill. 18.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action on the case brought by appellees against appellant, together with the Cleveland, Cincinnati, Chicago and St. Louis Ry. Co., the Chesapeake and Ohio Ry. Co.,

the Richmond and Danville Railroad Company and the
Pennsylvania Railroad Company. The jury before whom
the case was tried brought in a verdict of guilty against
the Chesapeake & Ohio Ry. Co., the Pennsylvania Railroad
Company, and the appellant, and assessed the plaintiff's
damages at $1,913.31. At a former trial a jury had found
the C., C., C. & St. L. Railroad Company not guilty, and
service of process was never had against the Richmond
and Danville Railroad Co. The verdict of the jury in the
present case, therefore, found all the remaining defendants
guilty. A motion for a new trial was granted as to the
others, and the suit dismissed as to them, but the motion
was overruled as to appellant. The Circuit Court denied
a motion in arrest and entered judgment for the full amount
of the verdict against appellant alone.

The material facts are that in April, 1890, appellees, who
were doing business at Malvern, Iowa, shipped a quantity
of potatoes to Philadelphia. It appears the route chosen
was not the most direct. But the agent of the O. & St. L.
Ry. Co. at Malvern induced appellees to ship over the latter
road, promising, it is said, to get the potatoes to Philadel-
phia within five days. They were billed by the agent of
O. & St. L. Ry. at Malvern, Iowa, to go by "Kanawha
Dispatch" from East Dubuque, Iowa. The "Kanawha
Dispatch" is said by appellant's counsel to be "a combina-
tion of divers roads for the transmission of freight from
western and eastern points," and it is stated that the appel-
lant is not a member of that combination. It is conceded,
however, that "the freight agent of the I. C. R. R. Co., and
his corps of clerks, transact all the routine business of the
C., C., C. & St. L. R. R. Co. and the Kanawha Dispatch at
Chicago," but it is insisted that they get all their instruc-
tions, orders, etc., in relation to such business from the gen-
eral agent of the so-called "Big Four" Company, and from
the "Kanawha Dispatch" offices, and not any from ap-
pellant. The two car loads of potatoes in question came to
the appellant's yards in Chicago in due course, and were im-
mediately transferred as directed by the transfer slips, and

forwarded by appellant over its own line to Kankakee the same day. It is not disputed that there was no delay in transit, while the potatoes were on appellant's tracks. But there is some evidence tending to show unnecessary delay on the part of the Chesapeake & Ohio, and of the Pennsylvania Companies. The claim against appellant is that a mistake was made by its employes at Chicago, in billing, by which the potatoes were caused to be shipped via the Clyde line of steamers, instead of being forwarded all rail. The way bills were made out by appellant, and were erroneous. They were made to read, " Over the Illinois Central and Chesapeake & Ohio to Richmond, for Philadelphia via Clyde line of steamers." · They should have been billed " to Charlottesville, Alexandria, all rail to Philadelphia." The error occurred through a mistake, inadvertently committed by the agent or employe at Chicago, who made out the bills. The result was that, upon arrival at Richmond, the potatoes, which were in bulk, were refused by the Clyde line of steamers, because, as the published tariff of rates of the " Kanawha Dispatch " specifically states, bulk freight is not taken on the Clyde line. At Richmond the way bills were corrected, and the potatoes at length forwarded to Philadelphia. There they were refused by the consignee on account of their condition, caused, it is said, by continued exposure to warm weather while delayed en route. There is evidence tending to show that the cars, while in actual transit, made " fair average time;" and that the delay was caused by the misbilling.

It is contended by appellant that the act of " billing " was the act of the servants of the C., C., C. & St. L. Railroad Company; that while the billing was done by the Illinois Central Railroad Company, yet, that in so doing, and in transmitting the freight over its tracks to Kankakee, the said company was acting merely as agent and servant of the so-called " Big Four." A contract between the two companies was introduced in evidence, which, it is claimed, bears this construction. It provides that the " Big Four" shall do all its business, so far as practicable, over the road of appel-

lant between Kankakee and Chicago; that the traffic with Chicago and points beyond shall be managed by that company, its cars between Kankakee and Chicago and in the yards at the latter place, to be moved and handled by appellant's engines and men. These are the provisions upon which appellant relies to sustain its claim of mere agency. But the contract contains other provisions, and it is clear that it bears no such narrow construction. It states that it is made for the purpose of insuring greater convenience to the public in the dispatch of business upon a continuous line of railroad, of which the respective " parties hereto own and operate parts." It provides that the freight earnings shall be divided between the two roads, each to receive a certain fixed percentage, and passenger earnings on a mileage basis; that neither party shall solicit business to or between certain points on the lines of the other, to be carried over lines of other railroads, and that all costs and damages on account of loss or injury of freight shall be adjusted according to the general rules, usages and customs prevailing between railroads of the United States. Under this contract, no matter which company was responsible for any particular part of the business, each received its portion of the profits, and provision was made for the adjustment between them of losses on account of freight. Under this arrangement, whether appellant be considered responsible for mistakes of the other party to the contract or not, it was clearly responsible for its own conduct. Both were operating parts of a continuous line, for their joint benefit, each for itself as well as for the other. What they did for each other was done under the contract, and not as agents or servants. See Hale v. Johnson, 30 Ill. 185, and authorities there cited.

It is further contended that the Circuit Court erred in rendering judgment on the verdict against appellant after having set aside the verdict as to its co-defendants. The verdict as returned by the jury was as before stated against three defendants. As to the other two their respective motions for a new trial were granted and the suit dismissed

against them.   The liability in an action of this kind is joint and several, and a new trial can be granted as to some of the defendants, without being awarded as to others.   Albright v. M. Tighe, 49th Fed. Rep. 817, and cases there cited.   This is an action of tort, and " there is no contribution among wrongdoers."   In actions *ex delicto* a judgment may be taken against part of the defendants, and the case dismissed as to the others.   (Davis v. Taylor, 41 Ill. 405, p. 408.)   If a verdict is returned against several defendants in such action and judgment is rendered against them, it must be for the full amount against all.   But it is not error to dismiss as to a part and take judgment against the remaining defendant upon a verdict of guilty against each.   " It was not necessary to sue all or recover against all.   (Stainbrook v. Duncan, 45 Ill. App. 344.)   It is urged that appellant was prejudiced by evidence which was only competent against its co-defendants who have escaped liability; that appellant was entitled to have the case tried upon evidence admissible as to itself alone.   It does not, however, appear that appellant was thus prejudiced, there being evidence to support the verdict against itself.   Apparently no objection was made in its behalf to the admission of the evidence now complained of and to its consideration by the jury as against any but its co-defendants and it was certainly admissible against them.

It is contended that there was a variance between the evidence and the declaration, and that the trial court erred in refusing to exclude such evidence upon motion to that end made at the close of the plaintiff's evidence, and again after all the evidence was in.   In Swift v. Rutkowski, 182 Ill. 18, where a similar motion was made at the close of plaintiff's evidence (p. 22), the court said :   " It is a well settled rule that a party desiring to take advantage of a variance between the declaration and the evidence, should object to the evidence when offered and point out wherein the variance consists, so that the other party may amend the declaration and thus avoid the objection.   If this course is not pursued the objection to the evidence will be regarded

as waived." If the objection was so made in the present case our attention has not been called to it. It appears only to have been made after the plaintiffs had closed their evidence, when the right to make it had been waived. But aside from the waiver, we do not regard the objection as well taken. The proof substantially sustains the declaration as to the material averments and as to particulars essential to recovery.

It is claimed that the jury were erroneously instructed in behalf of appellee. The objection to the first instruction is that it enumerates a number of facts in favor of appellee, and ignores the defense of appellant that the mistake in billing was the mistake, not of appellant acting for itself, but as agent of the " Big Four " and the " Kanawha Dispatch." But as we have above said, appellant was under its contract acting for itself as well as for the others, and is answerable for its own conduct. If there is any material error in the instructions complained of it is not pointed out.

Complaint is made of the admission of improper evidence, contained in a deposition taken upon notice. But the fact that the potatoes arrived at Philadelphia " in bad condition " is not denied. The objection is that the witness who so testified, stated a mere conclusion, and did not tell how he knew the condition. Whether they were in good or bad condition was a question of fact. Appellant was not precluded from cross-examination nor from proving the contrary had it so desired. No motion was made to suppress the deposition.

There was evidence which apparently supported the verdict as against at least one of the appellant's co-defendants, as to whom the suit was dismissed, tending to show negligence and unreasonable delay at Philadelphia after the arrival of the potatoes there. But this can not relieve appellant of responsibility for damages caused by its own mistake. We find no substantial error in the judgment and it will have to be affirmed.