EMERSON v. McNEIL.

Opinion delivered December 9, 1907.

1. MUNICIPAL ORDINANCE—DRUMMING AT TRAINS.—A town ordinance making it unlawful for any person to drum or solicit customers for any hotel, boarding house, restaurant or hack line upon the depot platform while passenger trains were stopping there is a valid exercise of the power conferred by Kirby's Digest, § 5438, conferring upon cities and towns the power to regulate drumming or soliciting persons who arrive on trains for hotels and boarding houses, though the platform is the property of the railroad company, and not of the town. (Page 553.)

2. BOND FOR COSTS—MUNICIPAL PROSECUTIONS.—Kirby's Digest, § 2476, providing that in all cases less than felony, in courts of justices of the peace and in other inferior courts, the prosecutor shall enter into bond for costs, does not apply to prosecutions for violations of municipal ordinances. (Page 554.)

3. APPEAL—FAILURE TO ABSTRACT INSTRUCTIONS.—Where appellant fails to copy in his abstract the instructions given and the prayers for instructions refused by the trial court, he will be deemed to have waived any objections taken thereto by him. (Page 555.)

Appeal from Columbia Circuit Court; *Charles W. Smith,* Judge; affirmed.

Emerson was arrested for violating an ordinance of the town of McNeil, was convicted before the mayor, and in the circuit court on appeal, and has prosecuted this appeal. The facts sufficiently appear in the opinion of the court.

The ordinance was as follows:

ORDINANCE NO. 23:

*"An Ordinance to regulate Hotel, Hack and other Drummers:*

"SECTION 1. Be it ordained by the council of the incorporated town of McNeil, that it shall be unlawful for any person or persons drumming or soliciting customers or patronage for any hotel, boarding house, restaurant, or hack-line or passage, or for any other business, to stand upon or to occupy the gravel platform belonging to railroad company and drum or solicit customers or patronage for any hotel, boarding house, restaurant, or hack-line or passage or other business, while the passenger trains are stopping at the depot in said town of McNeil.

"SEC. 2. Every person violating this ordinance shall be deemed guilty of a misdemeanor, and, upon conviction thereof,

shall be fined in any sum not less than one nor more than five dollars for each offense."

*Stevens & Stevens,* for appellant.

1. The cause should have been dismissed for want of a bond of costs. Kirby's Digest, §. 2476. A mayor's court is an inferior court. 4 Words & Phrases, p. 3580; 3 U. S. (2 Ed.), 70; 45 Ala. 103; 6 Am. Rep. 698; 51 Ala. 42; 55 *Id.* 42. The contention that this was a misdemeanor committed in the presence of an officer is not tenable, because (a) the officer had no right to arrest without a warrant. Kirby's Digest, § § 2550-1; 13 West. Rep. 471; 68 Mich. 549; 51 N. J. S. 189; and because, (b) the arrest must be immediate. 8 L. R. A. 529; 3 Wend, 384; 16 S. C. 486.

2. The demurrer should have been sustained. Kirby's Digest, § § 5438, 5461; 34 Ark. 553; 27 *Id.* 467. The town had no express power to regulate hacks. 42 L. R. A. 711; 1 Dillon, Mun. Corp. § 319; 43 L. R. A. 863. The right to "drum" for hacks is a constitutional one.

3. It was error to give instruction No. 1, and in refusing No 5. 52 Ark. 23; 34 *Id.* 553; 27 *Id.* 467. Under instructions 1, 2 and 3, the verdict should have been for defendant. 70 Ark. 12; 52 *Id.* 23.

HILL, C. J. The town of McNeil passed an ordinance making it unlawful for any person to drum or solicit customers for any hotel, boarding-house, restaurant or hack-line upon the depot platform belonging to the railroad company while passenger trains were stopping there. The ordinance will be set out in the statement.

The evidence shows that, prior to the enactment of this ordinance, there had been serious annoyance to the traveling public by hackmen and hotel porters gathering at the steps of the train coaches and importuning passengers alighting therefrom. Whether this conduct had become dangerous or a public nuisance is not certain, but it is certain that it was a serious annoyance to the traveling public and the railway employees, and to remedy the mischief the ordinance in question was passed. Trains only stop at this town from two to five minutes, and the ordinance only covers this period of time. Therefore it can not

be considered a prohibition of a lawful business and offensive to the rule announced in *Thomas* v. *Hot Springs*, 34 Ark. 553.

Section 5438 of Kirby's Digest confers upon cities and incorporated towns the power "to regulate drumming or soliciting persons who arrive on trains, or otherwise, for hotels, boarding houses, bath houses or doctors." Section 5454 impowers them "to regulate all carts, wagons, drays, hackney coaches, omnibuses and ferries, and every description of carriages which may be kept for hire, and all livery stables," and "to regulate hotels and other houses for public entertainment." Under these powers, the municipality had the right to pass the ordinance in question. *Fayetteville* v. *Carter,* 52 Ark. 301; *Hot Springs* v. *Curry,* 64 Ark. 152. And the power conferred and exercised is not obnoxious to, or an interference with, any common right, but is a proper exercise of the police power, and is universally sustained. McQuillin on Municipal Ordinances, § § 28, 184; *St. Paul* v. *Smith,* 27 Minn. 364; *Veneman* v. *Jones,* 118 Ind. 41.

The fact that the platform upon which they were forbidden to solicit customers at this interval was the property of the railroad company does not affect the power. McQuillin says: "Ordinances regulating hackmen, etc., while they are in and about landings, depots and stations, are valid, although the property of such places is not that of the city, or, strictly speaking, public property of any kind." McQuillin on Municipal Ordinances, § 28.

The deputy town marshal made affidavit charging the appellant with having violated the ordinance in question, and it was insisted in the mayor's court, in the circuit court, and here, that the action should have been dismissed because the prosecutor did not make bond for costs as required by section 2476 of Kirby's Digest. The question is, whether said section applies to actions for violations of town ordinances in municipal courts. A similar question was twice before the Supreme Court of Illinois, and each time it was held that such a statute did not apply to prosecutions for violations of municipal ordinances. *Lewiston* v. *Proctor,* 23 Ill. 533; *Quincy* v. *Ballance,* 30 Ill. 185. McQuillin says: "Violations of municipal police regulations are not usually regarded as crimes, as that term is used in our law." McQuillin on Municipal Ordinances, § 333.

The whole statute on this subject (sections 2476-80) shows that it is intended for prosecutions under the criminal laws of the State. There is nothing in its terms to support the theory that it applies to prosecutions for violations of municipal ordinances, and it can not be extended to them by analogy or construction. Violations of municipal ordinances are only *quasi* crimes, and the distinction between them and violations of the State's criminal laws may be found in McQuillin, Municipal Ordinances, § 333; 1 Dillon, Mun. Corp. (4 Ed.), 411, 412.

Appellant objects to certain instructions given, and to the refusal to give certain instructions asked by him; but he fails to set out in his abstract the instructions sought to be reviewed. As stated by Chief Justice COCKRILL in *Koch* v. *Kimberling*, 55 Ark. 547: "His exception on that score has not impressed him as being serious enough to require him to point out the error by setting out the prayers in his abstract in accordance with the rules. We therefore take it as a waiver of the objection:" See also similar applications of the same principal in *Shorter University* v. *Franklin*, 75 Ark. 571; *Carpenter* v. *Hammer*, 75 Ark. 347.

Judgment affirmed.