## McConnell *v.* City of Booneville.

### Opinion delivered May 8, 1916.

1. CRIMINAL LAW—VIOLATIONS OF CITY ORDINANCES—WRITTEN PLEADINGS.—No written information or pleadings are required in prosecutions for violations of by-laws or ordinances of a city or town.

2. CRIMINAL LAW—VIOLATION OF CITY ORDINANCE—SIGNATURE TO WARRANT.—In a prosecution for the violation of a city ordinance of a city of the second class, the failure of the mayor to sign his name to the affidavit does not affect the jurisdiction of the court to proceed.

3. CRIMINAL LAW—VIOLATION OF CITY ORDINANCE—BOND FOR COSTS.—The statute providing for the giving of bond for costs in prosecutions before a justice of the peace does not apply to prosecutions for violations of municipal ordinances.

4. CONTINUANCES—ABSENT WITNESS—DILIGENCE.—A continuance on the ground of the absence of a witness is properly refused where diligence in the procurement of the witness's attendance is not shown.

5. LIQUOR—SALE—EVIDENCE.—Evidence held to show defendant guilty of the sale of intoxicating liquors.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

*Jno. P. Roberts,* for appellant.

1. A city of the second class has no authority to create the office of city attorney and elect an officer to said office. 53 Ark. 205; *Willis* v. *Fort Smith,* 121 Ark. 606; Kirby's Dig., §§ 5465, 5591, 5596; 103 Ark. 534; 58 *Id.* 494; 25 S. W. 499; 74 Ark. 194; 85 S. W. 775.

2. No affidavit nor bond for costs was filed. Kirby's Digest, § 2490; 111 Ark. 51; Kirby's Dig., § § 2079, 2080.

3. The court erred in its instructions. It is error to instruct the jury upon the weight of the evidence or assumed facts which are for the consideration of the jury. 43 Ark. 289; 45 *Id.* 165; *Ib.* 292; 49 *Id.* 165.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. Appellant's motion to dismiss was properly overruled. A private citizen could make the affidavit. Kirby's Digest, § § 2488, 2490, 2482. The affidavit was sufficient. 29 Ark. 299; 45 *Id.* 536; 86 *Id.* 436.

2. No bond for costs was necessary. Kirby's Digest, § § 2476, 2480; 84 Ark. 554; McQuillin on Mun. Ord., § 333; 23 Ill. 533; Kirby's Dig., § 2476; 111 Ark. 53; 37 *Id.* 407.

3. The motion for continuance was properly overruled. 79 Ark. 594; 82 *Id.* 204; 94 *Id.* 169; 100 *Id.* 132; 95 *Id.* 555; 86 *Id.* 317.

4. There was no error in the court's charge. 114 Ark. 399; 74 *Id.* 265; 95 *Id.* 409; 102 *Id.* 186; 109 *Id.* 523.

5. The verdict is sustained by the evidence. 109 Ark. 130, 138.

McCulloch, C. J. The appellant, James McConnell, is prosecuted for the offense of selling intoxicating liquors without a license, in violation of an ordinance of the City of Booneville, a city of the second class. The prosecution was instituted before the mayor by an attorney claiming to act as the city attorney. He filed with the mayor a written information in the form of an affidavit. The information purports to be on oath, but the blank form of jurat appended to the information was not signed by the mayor. A warrant of arrest was issued, and when appellant was brought before the mayor he was tried and found guilty, and he prosecuted an appeal to the circuit court where on a trial *de novo* he was again convicted. When the cause reached the circuit court, and before the trial began there, appellant filed a motion to

dismiss the cause on the ground that no affidavit or bond for costs had been filed by the prosecutor. No such objection was raised in the mayor's court. The circuit court overruled the motion to dismiss and ordered that the trial proceed.

It is contended here that the circuit court erred in refusing to dismiss the cause. The contention with respect to the omission to file an affidavit is based on the ground that a city of the second class is not authorized to elect a city attorney, and that one acting in that capacity has no authority to file an official information in a prosecution under the ordinances of the city.

(1) There are many reasons why the motion to dismiss the cause ought not to have been sustained. In the first place, the statute expressly provides that no written information or pleadings are required in prosecutions for violation of by-laws or ordinances of a city or town. Kirby's Digest, section 2482-3. After an accused has been brought before the mayor, regardless of the manner in which he is brought there, he may be prosecuted on an oral charge. There is another provision of the statute that upon information or oath by a peace officer or a private person, a judge of the city court or mayor may issue a summons or a warrant of arrest against an offender. Kirby's Digest, sections 2488-90. That provision, however, relates only to the issuance of a warrant to bring the offender into court, but a written information, either by a peace officer or a private person, is not essential to the prosecution when the accused has been brought into court, for, as above stated, the statute expressly authorizes a prosecution for violation of city and town ordinances without written information or pleadings.

(2) In the next place, the information found in the record is in the form of an affidavit, and the only imperfection about it is that the jurat is not signed by the mayor. The affidavit was delivered to the mayor and a warrant was issued upon it, and the failure of that officer to sign his name to it does not affect the jurisdiction of the court to proceed with the prosecution.

(3)   As to the failure of the prosecutor to give bond for costs, it is sufficient to say that the statute providing for the giving of bond for costs in prosecutions before a justice of the peace does not apply to prosecutions for violations of municipal ordinances. *Emerson* v. *McNeil*, 84 Ark. 552.

This prosecution was instituted before the mayor on May 20, 1915, and the information charges that the offense was committed on that day. Appellant was engaged in the grocery business within the city limits of Booneville, and the evidence adduced on the part of the prosecution tends to show that he was engaged in selling intoxicating cider. His place of business was raided by an officer, who took samples of the cider and caused the same to be analyzed by a professional chemist, and the analysis disclosed the fact that the cider contained 5 per cent. pure alcohol. There was considerable testimony adduced by the prosecution which tended to show that the cider sold by appellant was intoxicating in its effect. On the other hand, the appellant adduced testimony tending to show that the cider which he sold had no intoxicating effect whatever. His contention was that the prosecution was framed up on him by the city marshal, who hired a man named Joe Ed Roberts to surreptitiously pour alcohol into the barrel of cider, and that as soon as that was done the raid was made and the cider which contained the alcohol was taken and analyzed.

(4)   Appellant asked for a continuance in order to procure the attendance of the witness Roberts, who was absent, but the court overruled the motion, and that ruling is one of the errors assigned, but it does not appear that appellant had exercised any diligence to procure the attendance of the witness, and we can not, therefore, say that the court abused its discretion in refusing to grant the continuance.

(5)   There was sufficient evidence to warrant a finding that defendant sold the cider, and that it contained 5 percentage of alcohol and was intoxicating. The testimony of appellant himself tended to show that the cider

he sold was not intoxicating, but that some one without his knowledge or consent poured alcohol into the cider which was subsequently analyzed, but the jury found against him upon that issue upon legally sufficient evidence.

The court gave an instruction, over appellant's objection, which in effect told the jury that the analysis made by the chemist showed that the cider contained about 5 percentage of alcohol. It is contended that it was error to give that instruction containing the assumption as to the quantity of alcohol. That fact, however, was not disputed and there was no error in its statement by the court in the instruction. The contention of appellant was that some one else put the alcohol in the cider, but he did not dispute the fact that the cider taken from his place of business was analyzed and that the analysis showed that it contained five percentage of alcohol.

We are of the opinion that the defendant received a fair trial of the cause and that there is no prejudicial error in the record. The judgment is therefore affirmed.