## West Chicago Street Railroad Company et al. v. Charles Muttschall.

### Gen. No. 12,818.

1. MISJOINDER—*how question of, waived.* A misjoinder of defendants cannot be successfully urged where counsel representing defendants have admitted upon the trial that the right parties had been named as defendants.

2. DISMISSAL—*what equivalent to.* Where the court in entering judgment treats certain defendants as no longer parties to the cause and enters judgment only against those treated as still parties thereto, the effect is equivalent to a dismissal of the cause as to the parties so treated as no longer in the cause.

3. SPEED—*when admission of evidence upon question of, not ground for reversal.* The refusal of the court to strike testimony as follows: "they went fast ordinarily there and that is why I think they went fast on this occasion," is not harmful error which will reverse.

4. TRACTION COMPANY—*duty of, to use care to avoid injuring persons upon tracks.* A street car company is charged with knowledge that the public may lawfully use the entire street, and the company must use reasonable means to prevent injury to others rightfully using that part of the street occupied by its tracks.

5. VERDICT—*when not excessive.* A verdict for $9,000 held not excessive where the injury was to the spine resulting in permanent disability.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed March 22, 1907.

Statement by the Court. This is an action to recover for personal injuries. Appellee was riding with his brother-in-law, one Gustave Natzke, in the latter's double seated open buggy, May 3, 1903. He was seated on the left side of the conveyance and Natzke was driving. On the rear seat were Mrs. Natzke and her child. When on North avenue between Forty-fourth and Forty-fifth streets driving in an easterly direction, as it is claimed, the buggy was suddenly run into by one of appellants' electric cars coming from behind the buggy at a high rate of speed. The buggy was broken in pieces and the occupants thrown to the ground, all of them, except the baby, receiving injuries more or less severe. For injuries then received appellee seeks to recover in this suit.

. It was admitted by appellants' attorneys at the trial that the street car tracks on North avenue, at the point where the accident occurred, were at the time of the accident owned by the West Chicago Street Railway Company and operated by the receivers of the Chicago Union Traction Company. The jury found the defendants guilty and assessed plaintiff's damages at the sum of $9,000. Judgment was entered accordingly "to be paid in due course of administration as receivers," from which judgment the appeal is prosecuted.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

JOHN T. MURRAY, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse the judgment, first on the alleged ground that there was a misjoinder of parties. The summons was served on the West Chicago Street Railroad Company and upon the receivers of the Chicago Union Traction Company. The declaration consists of one count, and the negligence charged is that

West Chicago Street R. R. Co. v. Muttschall.

the "defendants" negligently drove a street car pro-
pelled by electricity, "at an undue, excessive and dan-
gerous rate of speed," without giving any reasonable
warning, upon and against the vehicle in which appel-
lee was riding, causing the injuries complained of.
Appellants' contention is that a judgment in an action
at law is a unit and must run against all defendants
alike; that there can be no judgment against one de-
fendant enforceable only by execution and against
others "to be paid in due course of administration as
receivers;" that it being impossible to enter a valid
judgment against defendants sued in such differing
capacities, the motion of appellants in arrest of judg-
ment should have been granted. It is said on the other
hand in behalf of appellee that this question cannot
now be raised since it was not presented in appellants'
motion for a new trial. There was a motion in arrest
of judgment, however, but the abstract does not show
upon what grounds it was urged nor whether it was in
fact argued at all. It is true, doubtless, as argued by
appellants' attorneys, that on a joint and several obli-
gation where one of three or more obligors dies, a joint
action may be brought against all of the surviving ob-
ligors or promisors, but that the personal representa-
tive of the deceased should not be joined, since the
same judgment could not be rendered against the sur-
viving obligors and the executor or administrator of
the deceased obligor. Cummings v. People, 50 Ill.
132; Stevens v. Catlin, 152 Ill. 56-58. The judgment
against the receivers in the case at bar was properly
made payable in due course of administration of the re-
ceivership. McNulta v. Ensch, 134 Ill. 46-56; McNulta
v. Lockridge, 137 Ill. 270-280. It is true also, as con-
tended in behalf of appellants, that a judgment in
tort is a unit and cannot be reversed as to one of two
defendants and affirmed as to the other. Jansen v.
Varnum, 89 Ill. 100-102; West C. Street R. R. v. Mar-
tin, 154 Ill. 523-527.

In the last mentioned case, however, it was said (p. 531) that a defect which was curable was waived, when had plaintiff's attention been called to it at the trial, he could have readily amended by striking out the special matter complained of, and that where an appellant had not afforded appellee an opportunity to do so, it must be considered that the objection had been waived and could no longer be made available on appeal. In the case at bar it would have been readily open to appellee to dismiss as to one of the parties improperly joined had attention been called to the alleged misjoinder. Not only was this not done, but appellants' attorneys expressly admitted of record that the West Chicago Street Railroad Company owned the road and that the receivers of the Union Traction Company operated it. When the court remarked that the effect of the admission was that "if there is any fault in the operation of the tracks they have sued the right people," appellants' attorney replied, "I don't know of anything to the contrary, your Honor." This certainly did not tend to call attention of plaintiff's counsel to the alleged misjoinder, and should, we think, be deemed a waiver of the objection now urged. The judgment as rendered is against the receivers, payable by them in due course of administration. In so rendering judgment the court treated other defendants, if such there were, as dismissed out of the case. The judgment is in effect a dismissal as to any other defendants. While no formal dismissal as to West Chicago Street Railroad Company appears to have been entered, appellants must be deemed to have waived any such objection. The judgment as entered is against the re-receivers only and is in proper form. There is no contribution in tort, and it is not error to dismiss as to a part of the defendants in an action *ex delicto* upon a verdict of guilty against each. I. C. R. R. Co. v. Foulks, 92 Ill. App. 391-398.

It is urged by appellants' counsel that the verdict

is against the weight of the evidence.  The evidence in behalf of appellee tends to show that appellants' car was driven at a high rate of speed, and without warning or signals came from behind the vehicle in which appellee was riding and crashed into the latter as the driver was trying to turn out of its way and get off the track.  It would seem to be regarded by appellants' attorneys, judging from part of their argument, to be the duty of persons driving upon a street car track on which street cars run in the direction the vehicle is going, to keep on the lookout behind them and avoid being run into, and that it is negligence for them not to do this without reference to whether the motorman of the car is exercising due care to avoid a collision or not.  Such is not the law. Appellants' contention is that the buggy was coming westward toward the car at the time of the collision and not going eastward in the direction in which the car was approaching.  This contention rests mainly upon testimony as to the position in which the broken buggy was found after the accident.  It is unnecessary to analyze this evidence.  It must suffice to say that while there is evidence somewhat conflicting, we are of opinion that the finding of the jury is sustained by sufficient evidence to warrant the conclusion announced by the verdict.

It is said that the court erred in admitting evidence given by the driver of the vehicle, who stated the car was going about twenty miles an hour just before the collision, giving as his reason for so concluding that "they went fast ordinarily there and that is why I think they went fast on this occasion."  While this evidence was of no weight as tending to show the actual speed of the car at the time of the accident, and might properly have been excluded, we cannot agree with appellants' counsel in regarding the refusal to strike it out as harmful error under the circumstances of this case.  The witness was entitled to testify as to the speed of the car, and his explana-

tion of the reason for thinking the speed was twenty miles an hour was certainly not harmful to appellants. If the evidence in this case was slight or more doubtful as to appellants' alleged negligence, it might be that the ruling could be regarded as harmful error, but taking the testimony of the witness as a whole we do not so consider it in this case.

Objection is made to an instruction to the effect that the defendant did not have the exclusive right to the use of its car tracks upon the public streets. The objection is made on the alleged ground that "the street car has a paramount right of way over vehicles." While it is true that the street railway company has a right of passage on its own tracks superior to that of other vehicles, and it is the duty of the latter not to obstruct the passage of cars and to leave the track whenever by remaining there they would delay the passage of street cars, yet the street railway company is charged with knowledge that the public may lawfully use the entire street and the company must use reasonable means to prevent injury to others rightfully using that part of the street occupied by the tracks. N. C. Elec. Ry. Co. v. Peuser, 190 Ill. 67-71. As to the second instruction, while the objection made might have been obviated by addition of a word or two to the first paragraph so as to refer the injuries to the negligence charged in the declaration, that defect, if such it be, is sufficiently cured in the next paragraph which bases the assessment of damages on the "injury alleged and proved." In view of the evidence the instruction was sufficiently accurate. We find no error in the third instruction given, nor in the refusal of the fifth instruction requested by appellants. Even if the jury had been able to conclude from the evidence that the vehicle in controversy was being driven toward instead of away from the car before the collision, it would have been error to instruct that for that reason alone the plaintiff could not recover.

It is urged the damages are excessive. There is evidence tending to show that appellee received from the accident in question an injury to the spine causing permanent disability. No good purpose can be served by reviewing at length the evidence upon this feature of the case. It is possible that as jurors we might have deemed a less sum adequate for compensation. Yet we are unable to say that the jury were not warranted by the evidence in the amount awarded.

Finding no material error, the judgment of the Superior Court must be affirmed.

*Affirmed.*