JAMES H. ECKELS *et al.*

*v.*

CHARLES MUTTSCHALL.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. MISJOINDER—*when question of misjoinder is waived.* In a joint action against a street railway company and the receivers of another company for negligence, if the defendants, upon the trial, admit that the former company owns the tracks and that the receivers were operating the road at the time of the injury, and counsel for defendants, in answer to a question by the court as to whether the effect of such admission was that if any one was to blame for the accident the plaintiff had the right people as defendants, states that he knows of nothing to the contrary, the question of misjoinder is waived, and cannot be raised after verdict by motion in arrest of judgment.

2. EVIDENCE—*eye-witness may give opinion as to rate of speed car was traveling.* A person who was present at the time of the collision between a street car and a wagon may express his opinion as to the rate of speed the car was traveling, and his testimony should not be stricken out because he states, on cross-examination, that he knew the car was going at a certain rate of speed "because I know it to go very fast out there."

3. SAME—*when expert testimony is properly allowed to stand.* Testimony of a physician who treated the plaintiff for his injury and who has examined him before the trial, to the effect that the plaintiff was lame, had curvature of the spine and degeneration of

the spinal cord, should not be stricken out because he has been guided, to some extent, in his conclusion as to the degeneration of the spinal cord by what the plaintiff has said to him.

4. STREET RAILWAYS—*street railway company does not have exclusive right to use of its tracks.* In an action for injuries sustained by a street car striking a wagon in which the plaintiff was riding upon the track, an instruction is proper which states that a street railway company does not have the exclusive right to the use of its car tracks in the city.

5. SAME—*effect where driver of wagon in which plaintiff was riding was negligent.* The fact that the driver of a wagon in which another person is riding upon a street car track is negligent does not relieve the street car company from liability to such person in case of a collision between a street car and the wagon, if the street railway company is also negligent and the person riding in the wagon is free from negligence.

6. INSTRUCTIONS—*instruction should not single out a particular fact.* An instruction in a personal injury case is properly refused which singles out a particular fact from the evidence and informs the jury, ignoring the question of the defendant's negligence, that if they believed such fact to be proved by a preponderance of the evidence there could be no recovery.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case commenced by Charles Muttschall against the West Chicago Street Railroad Company and James H. Eckels and two others, as receivers of the Chicago Union Traction Company, in the superior court of Cook county, to recover damages for a personal injury alleged to have been sustained by plaintiff in consequence of his being thrown to the pavement from a one-horse, two-seated open surrey in which he was riding upon one of the streets of the city of Chicago, by reason of said surrey being run against by an electric car operated upon the track of the West Chicago Street Railroad Company by the receivers of the Chicago Union Traction Company. The dec-

laration contained one count, and each of the defendants filed the plea of the general issue. A trial resulted in a verdict and judgment in favor of the plaintiff for $9000, which has been affirmed by the Branch Appellate Court for the First District, and a further joint appeal has been prosecuted to this court by the defendants.

The evidence introduced by the plaintiff fairly tended to show that the plaintiff, at about seven o'clock on the evening of the third of May, 1903, was riding east upon North avenue, in the city of Chicago, between Forty-fourth and Forty-fifth avenues, in a two-seated open surrey, drawn by one horse, in company with his brother-in-law, Gustav Natzke, the owner of the horse and surrey, who was driving at the time of the accident; that Natzke and plaintiff occupied the first seat and Mrs. Natzke and her child the rear seat; that as they were riding between Forty-fourth and Forty-fifth avenues they were overtaken by an electric car running at a high rate of speed, which struck the surrey from the rear with great force; that the surrey was capsized, the wheels broken off and it was otherwise damaged, and plaintiff and the other occupants thereof were thrown to the pavement and the plaintiff was severely injured; that there was a double track at the place of the injury, with ditches upon either side thereof; that the east-bound track was the south track, upon which Natzke was driving at the time of the injury. Mr. and Mrs. Natzke and the plaintiff all testified that the approaching car was not discovered by them until it was almost upon them, when Mrs. Natzke called out: "My God! there is a car right in back of us!" that Natzke attempted to turn the horse and surrey on to the north track, but the surrey was almost instantly struck by the car and thrown over and the persons therein thrown out, and that the car ran nearly a hundred feet after the collision before it was stopped.

The trial court, after overruling motions for a new trial and in arrest of judgment made by each of the defendants,

entered a judgment in the following form: "It is considered by the court that the plaintiff do have and recover of and from the defendants his said damages of $9000, in form as aforesaid by the jury assessed, together with his costs and charges in this behalf expended, and to be paid in due course of administration as receivers."

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellants.

JOHN T. MURRAY, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The first contention of the appellants is that the court erred in overruling their motion in arrest of judgment, on the ground that the West Chicago Street Railroad Company and said receivers of the Chicago Union Traction Company were improperly joined as defendants in said action, as it is said a joint judgment cannot properly be rendered against said defendants, as the judgment against the West Chicago Street Railroad Company should be against said railroad company personally, and the judgment against said receivers of the Chicago Union Traction Company should not be against said receivers personally, but to be paid by them in the due course of administration. If the contention of the appellants that the West Chicago Street Railroad Company and the receivers of the Chicago Union Traction Company cannot be sued jointly in this action for the reason suggested, had that question not been waived upon this record, be conceded to be sound, we think it clear that the appellants have waived their right to raise that question upon this record if they can waive it,—and that they can waive such right we have no question. In this case the record shows that defendants admitted upon the trial that the car tracks on North avenue, at the point of the accident, were

230—30

owned by the West Chicago Street Railroad Company and that the road was then operated by the receivers of the Chicago Union Traction Company. After such admission was made the court inquired of counsel: "The effect of that is, if anybody is to blame on the side of the defendants, that they have got the right people as defendants? I say, if there is any fault in the operation of the tracks they have sued the right people?"—to which counsel for the defendants replied, "I don't know of anything to the contrary, your honor." The declaration declared against the West Chicago Street Railroad Company and the receivers of the Chicago Union Traction Company, jointly, and the defendants had an opportunity, in replying to the interrogatory propounded to counsel by the court, to state whether they had any objection as to the manner in which the defendants had been sued, and instead of raising the question of misjoinder now sought to be raised, counsel for the defendants acquiesced in the statement of the court that the plaintiff had brought his suit against the right defendants. We think, therefore, the defendants, after the trial had proceeded to verdict and final judgment, cannot in a court of review, in the face of such admission, raise the question of misjoinder of parties by a motion in arrest of judgment.

The next contention of appellants is, that the court erred in refusing to strike out the evidence of the witness Gustav Natzke that the car was running at the rate of twenty miles an hour at the time it struck the surrey. The witness testified, on direct examination, that the car was running at the rate of twenty miles an hour at the time it struck the surrey, and when cross-examined upon that subject he said he knew it was going twenty miles an hour "because I know it to go very fast out there," whereupon defendants moved to strike out the statement of the witness that the car was running at the rate of twenty miles per hour at the time of the accident. The witness was present at the time of the collision, and it was proper for him to express an opinion

as to the rate of speed at which the car was moving at the time of the accident and for the defendants to cross-examine him upon that subject, and the weight to be given to his testimony, after hearing his direct and cross-examination, rested with the jury. The car evidently was running at a high rate of speed at the time of the accident, as the undisputed evidence shows the surrey was thrown over, the wheels were broken off, the parties riding therein were thrown to the pavement, and the car ran one hundred feet before it was stopped. We do not think the court committed error in declining to strike out the testimony of said witness as to the rate of speed at which the car was running at the time of the accident.

It is also urged that the court erred in permitting Dr. Ide to testify that plaintiff had degeneration of the spinal cord, based upon subjective symptoms only. Dr. Ide had treated the plaintiff from the time of his injury and had examined him a few days before the trial. He testified fully to the physical conditions he found in the plaintiff immediately after the injury, also just prior to the trial. He stated that the plaintiff was lame, that he had curvature of the spine and degeneration of the spinal cord. The fact that the doctor, in arriving at his conclusions, was guided somewhat by what the plaintiff said to him, did not make his evidence incompetent and subject to be stricken out on the motion of the defendants. *City of Chicago* v. *McNally, 227* Ill. 14.

It is also contended that the court gave to the jury improper instructions on behalf of the plaintiff, and improperly refused to give to the jury the fifth instruction offered on behalf of the defendants. The court gave to the jury three instructions on behalf of the plaintiff, all of which, it is contended by the defendants, are erroneous. The first instruction given for the plaintiff informed the jury the defendants had not the exclusive right to the use of their car tracks upon the public streets of the city of Chicago. We think this instruction justified by the holding of this court in *North*

*Chicago Electric Railway Co.* v. *Peuser,* 190 Ill. 67. The second instruction was upon the measure of damages, and it is said the instruction permitted the plaintiff to recover damages for injuries not the result of the accident. We do not so read the instruction. The jury were informed thereby the plaintiff could only recover for injuries "alleged and proved;" and that he could only recover for damages sustained by reason of "said injuries." This instruction is very similar to an instruction approved by this court in *Chicago City Railway Co.* v. *Allen,* 169 Ill. 287. And the third instruction informed the jury that the negligence of the driver of the surrey, alone, would not relieve the defendants of liability, if the jury believed, from a preponderance of the evidence, that the defendants were guilty of the negligence charged in the declaration and that plaintiff was free from negligence. The instruction, we think, announced a correct rule of law. If the plaintiff was not guilty of negligence the defendants would not be relieved of liability to the plaintiff, if they were guilty of negligence, merely on the ground that the driver of the surrey was guilty of negligence. *Chicago Union Traction Co.* v. *Leach,* 215 Ill. 184.

The instruction offered on behalf of the defendants and refused, upon which error is assigned, sought to inform the jury if the surrey in which the plaintiff was riding was being driven in a westerly direction at the time of the accident there could be no recovery. The declaration upon which the case was tried did not allege which way the surrey was going at the time of the accident, although the plaintiff's proof showed it was going east at that time. The instruction was sought to be based upon the testimony of the motorman and conductor in charge of the car, who testified they met the rig at the time of the injury. It is not permissible to single out, in a case like this, a particular fact claimed to be established by the evidence and instruct the jury that if such fact is proven there can be no recovery. If this could be done, each claimed fact might be incor-

porated in such an instruction and the plaintiff defeated thereby in a case where, upon all the evidence in the case, he would clearly be entitled to recover. The instruction was also wrong in that it entirely ignored the negligence of the defendants. The gist of the action was the improper operation of the car, and if the accident which caused the injury was the result of the negligent operation of the car by the defendants, and the plaintiff was not guilty of negligence, the plaintiff would be entitled to recover, regardless of which way the surrey was going at the time of the collision.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*