## James H. Eckels et al., Receivers, v. Oluf Edison.

### Gen. No. 13,662.

1. PLEADING—*what waives question of misjoinder. Held,* that the admissions with respect to ownership and operation set forth in the opinion, made in open court, operated to waive all questions of misjoinder, consisting in the joinder of a corporation and its receivers in a declaration charging negligence resulting from alleged joint ownership and operation.

2. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence where there is direct and irreconcilable conflict in the testimony and the Appellate Court cannot after a consideration say that the jury were not warranted in rendering the verdict which they did.

3. VERDICT—*when not excessive.* A verdict in an action for personal injuries for $10,000 is not excessive where it appears that as the result of the accident in question the plaintiff lost his left leg above the knee, was required to submit to two surgical operations, and was at the time of such accident of the age of about forty-nine years.

Action in case for personal injuries. Appeal from the Superior
Court of Cook County; the Hon. Ben M. Smith, Judge, presiding.
Heard in the Branch Appellate Court at the March term, 1907.
Affirmed. Opinion filed February 14, 1908.

John A. Rose and Albert M. Cross, for appellants;
W. W. Gurley, of counsel.

David K. Tone and H. M. Ashton, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is an appeal from a judgment rendered against the
defendants in the Superior Court of Cook county in an
action brought by appellee to recover for personal injuries.
The accident occurred November 5, 1904, on Milwaukee
avenue, Chicago, at a point near its intersection with Paulina
street, where a Milwaukee avenue train by which the injury
was inflicted had stopped to receive passengers. The dec-
laration consists of three counts and the defendants men-
tioned therein are the Chicago West Division Railway
Company, the West Chicago Street Railroad Company, the
alleged receivers of the West Chicago Street Railroad Com-
pany and receivers also of the Union Traction Company.
It appears therefore, as stated by appellants' attorneys, that
the suit is brought against two corporations and two sets of
receivers. A plea of general issue was filed on the part of
the West Chicago Street Railroad Company, and by stipu-
lation it was ordered that said plea stand as the plea of all
the defendants.

Appellants' first contention is that there was a misjoinder
of parties defendant, fatal on motion in arrest, and that the
court erred in overruling the motions in arrest of judgment
interposed by the West Chicago Street Railroad Company as
a corporation, by the receivers of the same company and by
all the defendants. It is apparently conceded that the plea
of general issue admits the capacity in which the defendants
are sued and also admits the allegations in the declaration as
to ownership and possession of the railway train causing the
accident. McNulta v. Lockridge, 137 Ill., 270; Chicago

Union Traction Company v. John Jerka, 227 Ill., 95.   The various counts of the declaration aver that "all of the defendants to this suit were possessed of and using and operating as common carriers of passengers a certain line of street railroad extending along Milwaukee avenue," that they "were owners of and were possessed of, using and operating" the said line, that they were "propelling a train of cars" and that plaintiff when injured was "about to get on one of the cars of the said defendants" for the purpose of being transported along the line of said road.   There is an averment also that the said receivers of the West Chicago Street Railroad Company were duly appointed, qualified and acting as receivers of all the property of that defendant company.   It is urged that the question presented is, what is the legal effect of the allegations referred to; that the plea of general issue does not admit legal conclusions, that the declaration does not state a cause of action against the West Chicago Company, that it attempts to charge as a joint tort of the West Chicago Company a corporation and of its receivers that which in law cannot possibly be a joint tort and that both these conditions are fatal on motion in arrest of judgment.   These contentions are argued elaborately and at great length.   It may be deemed improbable that "receivers of all the property" of a street railroad company were operating its road through, by or with the corporation itself or that they were given authority so to do by the court which appointed them. The declaration nevertheless avers that they all were operating the road, whether physically or constructively, and however strange and apparently anomalous such allegations may be, it is claimed by appellee's attorneys that they were admitted to be true in behalf of these defendants at the trial; that "we have here a solemn stipulation of the parties, entered into in open court, waiving all questions as to the proper joinder of parties and agreeing that the only question to be left for the jury was the one as to the liability of the appellants for the accident in question."   The admissions referred to are as follows:

"Mr. Tone: And this suit is brought against the receivers of the Union Traction Company and the receivers of the West Chicago. `I think the evidence in this case will show the franchise under which—I may ask here, will there be any dispute about the liability of these different companies for whatever was done there—will you require us to subpœna your company to produce—

Mr. Baily: Well, I won't put it in your language—I will say to you, Mr. Tone, that we will admit whatever the facts are, and I understand as to that the receivers were operating a train of cars in connection with which it is claimed this accident took place at the time and place of the accident.

Mr. Tone: And also, I presume, you will admit that the Chicago West Division Railway Company had the franchise under which they were operating?

Mr. Baily: I understand that.

Mr. Tone: And that the Chicago West Division Railway Company executed a lease of them to the West Chicago Street Railroad Company, which was in force at the time of this accident?

Mr. Baily: Yes, I won't make any question about that.

Mr. Tone: And that the West Chicago Street Railroad Company executed a lease to the Chicago Union Traction Company of the lines where this accident happened which was in force at the time of the accident?

Mr. Baily: Yes, I admit the facts as to operation and as to ownership as set up in the declaration. Whatever that is, I admit those facts; I do not admit what the legal conclusion of the facts may be, but I admit the facts.

Mr. Tone: That the corporations owned and operated as set up in the declaration?

Mr. Baily: Yes, in other words—

Mr. Tone: You deny the liability, of course?

Mr. Baily: Yes.

Mr. Tone: All I was going to say to the jury—what you and I agree on—namely, that the defendants were operating this road on Milwaukee avenue at the time of the accident, but you deny any liability for this accident, I just want to get that clear to the jury.

Mr. Baily: All right."

Eckels v. Edison.

It is argued in behalf of appellants that in this colloquy "counsel for defendants admitted the facts stated in the declaration but refused to admit any conclusions." The final admissions were, however, "that the defendants were operating this road on Milwaukee avenue at the time of the accident," which is what the declaration. avers. Under ordinary circumstances such an admission would mean that all the defendants were operating the road when the accident occurred, and that there was therefore no misjoinder of parties defendant. It is claimed that whether so admitted by the terms of the phraseology employed or not the facts was nevertheless impossible, and that the admission therefore must be deemed erroneous or meaningless and should be entirely disregarded. Whatever view may be taken, however, of the language of the admission, it clearly waives every objection on the ground of misjoinder. In Eckels v. Muttschall, 230 Ill., 462–466, a case in which a similar admission was made, the Supreme Court in affirming the judgment of this court said: "The declaration declared against the West Chicago Street Railroad Company and the receivers of the Union Traction Company jointly and the defendants had an opportunity in replying to the interrogatory propounded to counsel by the court, to state whether they had any objection as to the manner in which the defendants had been sued, and instead of raising the question of misjoinder now sought to be raised, counsel for the defendants acquiesced in the statement of the court that the plaintiff had brought his suit against the right defendants. We think therefore the defendants after the trial had proceeded to verdict and final judgment can not in a court of review in the face of such admission raise the question of misjoinder of parties by a motion in arrest of judgment."

It is urged further that the trial court erred in overruling the peremptory instructions requested by the two corporations, the West Division Company and West Chicago Company, defendants, at the close of plaintiff's evidence, and at the close of all the evidence, as well as in overruling their motions for a new trial. The West Division Company was,

it is said, the original company which obtained from the city the franchise under which the railroad was operated; that it leased its property to the West Chicago Company and the latter leased the same property to the Union Traction Company. It is argued that while if the said lessees had been in actual physical possession, the lessor, the West Division Company, would be liable for the negligent act of either of the said lessees, that the road was not in the possession of either of said lessees, but of their receivers; and hence it is urged there was no evidence justifying the verdict and judgment against the lessees, since they are not liable for the torts of their receivers. What has been said above, however, as to the effect of the admissions referred to makes it unnecessary to follow counsel in the discussion of these objections.

It is urged the verdict is not supported by the evidence. It is contended the plaintiff was drunk, that he undertook to get upon a moving train while in that condition, and that his own contributory negligence and not the negligence of the defendants, caused the accident. These contentions are argued at great length, appellants' review of the evidence covering fifty-six pages and discussing the matter exhaustively. The accident occurred about eleven o'clock on the night of November 5, 1904. Appellee's theory is that the car by which he was injured came to a stop at the intersection of Paulina street with Milwaukee avenue; that the plaintiff walked at an ordinary gait from the curb on Paulina street to the foremost car of the train; that he had a package in his right hand; that he caught hold of the railing of the rear end of the front car—being the grip car—with his left hand and put one foot on the steps of said car, that he was in the act of getting on when said car started forward suddenly with a jerk, throwing plaintiff between the first and second cars, and that the second car ran over him, inflicting injuries which made amputation of his left leg necessary. There are a number of witnesses whose testimony tends to sustain these contentions, and there are as many called in behalf of appellants whose testimony tends to show either that the plaintiff ran from the curb and caught hold of the railing

of the car after the car had started, and that he was thrown between the cars, or that in running up to the train he got in between the first and second cars. The contention that appellee was drunk is denied by him, and the evidence to the contrary is by no means conclusive. There is direct and irreconcilable conflict in the testimony as to how the accident occurred, and after careful consideration we find no sufficient reason warranting interference with the verdict of the jury, sustained as it is by the judgment of the trial court.

It is urged the damages are excessive. Appellee has lost his left leg above the knee. He suffered two surgical operations. He was forty-nine years of age at the time of the accident. It is impossible to measure with accuracy the pecuniary compensation adequate for a permanent injury of this character. The expenses of living have been increasing of recent years and the earning power of money diminishing. A verdict and judgment in a suit for personal injuries allowing excessive damages ought not to be permitted to stand, but in the present case our conclusion is that the judgment is not so manifestly excessive as to warrant interference.

The judgment of the Superior Court must therefore be affirmed.

*Affirmed.*