## James H. Eckels et al., Receivers, et al., v. Jacob Henning.

### Gen. No. 13,661.

1. PRACTICE—*what not tantamount to dismissal of defendants.* The fact that a judgment order runs against the "defendants" in an action for personal injuries and provides for payment in due course of administration, is not tantamount to a dismissal as to all those defendants to the action who were not receivers, where it appears that the verdict was against all the defendants, including those not receivers, and that separate motions for new trial and in arrest of judgment were made on behalf of the several defendants.

Eckels v. Henning.

2. PRACTICE—*effect of error in judgment.* An error in entering judgment against several defendants who cannot be held jointly liable, is one of substance and not of form.

3. PRACTICE—*when joint judgment erroneous.* A joint judgment against a corporation defendant and receivers thereof defendants is erroneous. (Eckels et al. v. Farley, 131 Ill. App., 557, explained.)

4. PRACTICE—*what does not waive objection of misjoinder.* A misjoinder appearing affirmatively upon the face of the record is not waived by a failure to plead the same or specifically to point it out or specially to urge it either upon the trial or upon the argument of the motion for new trial.

5. PLEADING—*when misjoinder need not be pleaded.* It is not necessary to plead a misjoinder when the fact thereof affirmatively appears in the record.

6. PLEADING—*when declaration does not state cause of action.* *Held,* that the declaration in this case did not state a cause of action against all of the defendants joined, nor separately against the Receivers who are sued.

7. APPEALS AND ERRORS—*when reversal cannot be as to some defendants only.* If a judgment at law is erroneous as to one of the defendants, it is erroneous as a whole and must, as a whole, be reversed.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the HON. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1907. Reversed and remanded. Opinion filed March 19, 1908.

**Statement by the Court.** This appeal is from a judgment of the Superior Court of Cook county for $5,000 rendered against the appellants, defendants below, in favor of the appellee, plaintiff below, in a suit for personal injuries. As the form of the judgment is involved in questions argued in this appeal, we give it literally as it appears in the transcript of the record:

"Jacob Henning,

      v.                                     Case.

Chicago West Division Railway Co., John C. Fetzer, Marshall E. Sampsell, and James H. Eckels, Receivers of Chicago Union Traction Company, and John C. Fetzer, Henry A. Blair and Marshall E. Sampsell, Receivers of West Chicago Street Railway Company.

"This cause coming on to be heard upon the defendants' motions heretofore entered herein for a new trial in said cause after arguments of counsel and due deliberation by the court said motion is overruled and a new trial denied, to which the defendants excepts. Whereupon the defendants enter their motions in arrest of judgment, which motion is also overruled, to which the defendants excepts.

"Therefore it is considered by the court that the plaintiff do have and recover of and from the defendants his said damages of two thousand dollars in form as aforesaid by the jury assessed together with his costs and charges in this behalf expended and to be in due course of administration as receivers, to which the defendants excepts. Whereupon the defendants having entered their exceptions herein prays an appeal from the judgment of this court to the Appellate Court in and for the first district of Illinois which is allowed upon filing their appeal bond in the sum of fifty-five hundred dollars to be approved by the court and leave given the defendants to file their bill of exceptions herein within thirty days of this date."

The especial significance of the form of the judgment springs from the following state of the pleadings and evidence.

The summons and declaration both make the various parties defendants as they appear in the caption of the judgment order above.

The declaration has three counts. The first alleged that on August 29, 1904, the defendants were street railroad corporations, and as such the Chicago Union Traction Company by its receivers "were possessed of, operating and using a certain street railroad under and by virtue of a certain contract or lease from the West Chicago Street Railway Company," and the West Chicago Street Railway Company came into possession of the said street railway tracks and entered into its lease with the Chicago Union Traction Company under a lease or contract which it, the West Chicago Street Railway Company, had prior thereto made with the Chicago West Division Railway Company. It then declares that the defendant the Chicago Union Traction Company by its

servants then and there so carelessly and improperly managed and drove a grip car on the said street railroad that it injured the plaintiff.

The second count alleges that on said date "the defendants were possessed of a certain street railway system in the city of Chicago," and "that the defendants were street railroad corporations, and that as such the Chicago Union Traction Company was possessed of, operating and using a certain street railroad." It then proceeds like the first count with the same allegations concerning the origin of the Chicago Union Traction Company's possession and operation and concerning its injury to the plaintiff, and then concludes by averring "that the West Chicago Street Railway Company and the Chicago West Division Railway Company are conjointly liable with the Chicago Union Traction Company under and by virtue of the aforesaid leases and contract made and entered into prior to the aforesaid accident by and between the aforesaid companies and as lessors of the Chicago Union Traction Company."

The third count, which was added afterward by leave of court, makes practically the same allegations as the other two, and asserts that the Chicago Union Traction Company "by its receivers" was possessed of, using and operating the railroad on which the accident occurred, and that the Chicago Union Traction Company, by its servants, carelessly and improperly drove the grip car that caused the accident.

The plea of not guilty was filed separately: First, by John C. Fetzer, James H. Eckels and Marshall E. Sampsell, as receivers of the Chicago Union Traction Company; second, by John C. Fetzer, Henry A. Blair and Marshall E. Sampsell as receivers of West Chicago Street Railroad Company; and third, by the Chicago West Division Railway Company.

Pleas of the Statute of Limitations to the additional count were successfully demurred to.

The only evidence connecting the receivers of the Chicago Union Traction Company, or the receivers of the West Chi-

cago Street Railroad Company, with the accident or the operation of the cars, was this:

After the evidence for the plaintiff was all in, the fol-lowing admission was made by counsel representing the de-fendants, and standing as it does in the record, without com-ment or objection, may properly be assumed to have been assented to by the plaintiff and to bind him also:

"We admit that the Chicago West Division Railway Com-pany had the franchise from the City of Chicago; that it was transferred to the West Chicago Street Railroad Com-pany; that the Union Traction Company leased the rights of the West Chicago Street Railroad Company to operate this road and the cars from June 1, 1899, *and that Receivers were appointed by the United States District Court for the Chicago Union Traction Company and for the West Chi-cago Street Railroad Company as contained in these orders."*

The bill of exceptions then says: *"The documents re-ferred to are marked Exhibit A. and Exhibit B., Jan. 8, '04"*—but the orders do not appear in the bill of exceptions nor is there anything but the preceding statement implying that they were offered in evidence.

It is therefore apparent that the record is entirely silent as to the date at which the receivers in question were appointed.

The bill of exceptions states that at the close of the plain-tiff's evidence "counsel for the defendants, John C. Fetzer James H. Eckels and Marshall E. Sampsell, as receivers of the Chicago Union Traction Company, made and filed" a separate motion to exclude from the jury all the evidence offered on the part of the plaintiff and to find "the defend-ants, John C. Fetzer, James H. Eckels and Marshall E. Sampsell as receivers of Chicago Union Traction Company not guilty." This motion and a similar separate one made by the counsel for "John C. Fetzer, Henry A. Blair and Marshall E. Sampsell, as receivers of West Chicago Street Railroad Company," were denied. A similar motion was

made separately also for the Chicago West Division Railway Company, and denied.

After the defendants' evidence had been heard, motions to exclude all the evidence and for a peremptory instruction were made separately for the same parties and denied.

The jury returned the following verdict: "We the jury find the defendants guilty and assess the plaintiff's damages at the sum of five thousand dollars."

Thereupon John C. Fetzer, James H. Eckels and Marshall E. Sampsell, as receivers of the Chicago Union Traction Company, made in writing a separate motion for a new trial. So did John C. Fetzer, Henry A. Blair and Marshall E. Sampsell, as receivers of the West Chicago Street Railroad Company, and so did also the Chicago West Division Railway Company. Each motion contained twenty-four different alleged reasons for the action of the court asked for, among which was the refusal to give the peremptory instruction before alluded to. These motions were denied by the court.

"Whereupon the defendants and each of them moved the court to arrest judgment on said verdict, but the court denied said motions, to which ruling of the court the defendants and each of them, by their respective counsel, then and there duly excepted."

The court then entered the judgment order in the beginning of this statement recited.

In this court the appellants, the receivers of the Chicago Union Traction Company, the receivers of the West Chicago Street Railroad Company, and the Chicago West Division Railway Company, "jointly and severally" assign twenty-seven errors. They include, with others, the allegations that the verdict was against the law and the evidence; that the court erred in refusing to withdraw the evidence from the jury and give the peremptory instruction asked for by the defendants; that the court erred in overruling each of the motions for a new trial, and that it erred in overruling the motions of defendants and each of them in arrest of judg-

ment, and in entering judgment on the verdict in favor of plaintiff against defendants and each of them.

The last two assignments of error are as follows:

"26. The defendants James H. Eckels and Marshall E. Sampsell, Receivers of the Chicago Union Traction Company, and Henry A. Blair and Marshall E. Sampsell, as Receivers of the West Chicago Street Railroad Company, were improperly joined in this suit with the Chicago West Division Railway Company. A valid judgment could not be entered against said Railway Company, a corporation, and said other defendants as Receivers, the said judgment against the Railway Company being only enforcible by execution, and the judgment against said Receivers being only enforcible in due course of administration. A judgment in an action at law is a unit and must run against all alike. Since the judgment could not run against all the defendants alike, there was a misjoinder, which was fatal on motion in arrest of judgment.

"27. The Receivers of the West Chicago Street Railroad Company, a corporation, the lessor company, could not in law be liable for the negligence of the Receivers of the Chicago Union Traction Company, a corporation, the lessee company, nor could the Chicago West Division Railway Company, a corporation, be liable for the negligence of either or any of said Receivers. It was fatal error to join said Chicago West Division Railway Company, said Receivers of the Chicago Union Traction Company, and said Receivers of the West Chicago Street Railroad Company, the charge against them being a tort which in law could not be joint."

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

BOWLES & BOWLES, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

If we could see any way open to us, without the disregard of clear rules of law, to consider and decide this cause upon the merits as between the plaintiff and the receivers of the Chicago Union Traction Company, who (although we cannot

Eckels v. Henning.

so inform ourselves from the record because of the absence of the date of the orders appointing them) were undoubtedly operating the car which is alleged to have caused the plaintiff's injury, we should so do.

With the spirit of Judge Freeman's view implied in West. Chicago Street Railroad Company et al. v. Muttschall, 131 Ill. App., 639, that the defendants ought to call questions of misjoinder and specific objections of want of allegation or proof against any of the defendants to the attention of the trial court, we entirely agree; and from the view expressed in appellants' argument that such a doctrine implies an unjust favoritism against defendants, we entirely dissent.    The object of courts and of law trials is to get at the truth and do justice, or at least to settle disputes, as speedily and exactly as possible—not to furnish a field for lawyers to play an intellectual game.    Therefore, although strict rules are found necessary in the conduct of courts and trials, it is proper that no matters which will delay the final disposition of a case on its merits should be held back or concealed to render futile and nugatory an investigation which has been conducted at large expense to the community. We wish that the defendants had specifically pointed out in the trial court, in this case, those matters which they now discuss and which we deem fatal objections to the judgment involved here.    It seems to be conceded that they did not do so, although there is really nothing in the bill of exceptions which shows that the motions for a new trial and in arrest of judgment were not argued and the points in question then distinctly made.    But if, through inadvertence or design they were not, it is our duty, nevertheless, to meet the situation as we find it and enforce the rules of law, as we understand them, which are applicable to that situation as it exists.

It is manifest that we have here a judgment indefensible on the merits, if the views which we expressed in Eckels et al. v. Farley, 131 Ill. App., 557, are sound.    It is true that we there declined to enter upon the question of the relations of receivers of lessor and lessee companies because it was not

necessary, since there a corporation and its own receivers were codefendants. But we pointed out, that the receiver of a railroad was not the agent of the company nor its representative, nor in any sense under its control; that he was, on the contrary, a person who comes into possession of the equipment and business of the road *in invitum,* placed there by a court which sequestrates the property for the time being.

It follows that the corporation from which the property has been taken away and which has nothing to do with its management, is not liable for personal injuries resulting from such operation. It follows equally that the railroad lessor of such a corporation (who is held liable under the law of Illinois for the acts of its lessee because of the fact that the lessee is using the railroad property with its consent and permission—Penn. Co. v. Ellett, 132 Ill., 654) cannot be liable for such personal injuries as result from the operation of the lessee road by the receivers to whom it has been given adversely to the corporation. And still less, if it be possible, it seems to us, can one set of receivers be held liable for the torts and negligences of another set—each set being appointed in a hostile proceeding to one of the corporations between whom the lease or contract relied on was made.

In this judgment, however, rendered for a personal injury, we have three parties made liable: First, the Chicago West Division Railway Company, which the proof connects with the occurrence that is the subject of the lawsuit as the company which had a "franchise" (by which it is to be presumed a license is meant) in the street, and transferred it to the West Chicago Street Railroad Company, who in turn leased it to the Chicago Union Traction Company; second, the receivers of the West Chicago Street Railroad Company, who are connected with the matter only as officers of the court, appointed adversely to the said West Chicago Street Railroad Company to take possession of its property; and, third, the receivers of the Chicago Union Traction Company, who may be presumed to have been operating the car in-

volved, if the Chicago Union Traction Company itself (which is not a defendant), was not.

All these three sets of defendants were found guilty by the verdict of the jury, for the verdict was a general one against all the defendants alike.

The word " defendants " must certainly, in this connection, be held to mean all the defendants named in the summons and in the declaration as such. The trial court so held, for the judgment order is expressly entitled against all the defendants, but if it had not been so, the fact would have been the same.

It is not admissible in this case to adopt the suggestion made by the Branch Appellate Court in the Muttschall case, *supra,* that the insertion of the clause "and to be ( *sic*) in due course of administration as receivers" (even if that clause be taken to mean "and to be *paid* in due course of administration as receivers"), was tantamount to a dismissal against the defendant who was not a receiver, viz.: The Chicago West Division Railway Company. The same reasons we gave in the Farley case, *supra,* are effective here: "The verdict of the jury was against all the defendants. Separate motions for a new trial made by the company, as well as such motions made by the receivers, had been considered and denied, and  *  *  *  judgment was entered on the verdict. It would have been error to enter it on that verdict against the receivers alone. This error was not committed. Whatever irregularity or obscurity there may be injected into the judgment by the failure to distinguish as to the modes of enforcement as against the corporations themselves and their receivers, and as to the funds from which it is to be paid, the insertion of the clause in question did not render the judgment one thus departing from the verdict."

In the case at bar, separate motions also in arrest of judgment were made by each set of defendants, and those motions were overruled by the court before the judgment was entered. This certainly is not compatible with an intention to dismiss any of the defendants out of the case. It is

to be noted that the Supreme Court, in affirming the judg-
ment of the Appellate Court in the Muttschall case, 230 Ill.,
462, does not adopt the theory of a dismissal, but places its
decision on the point involved entirely upon the proposition,
made in the opinion of the Branch Appellate Court as an
alternative, that there had been an affirmative waiver on the
part of each of the defendants of the right to raise the point
by an admission in open court that each was liable if any-
body was. It is plain the theory of the admission of lia-
bility by all and the consequent rightfulness of the judg-
ment against all, and the theory of the constructive dismissal
of some of the defendants, making the judgment only against
the others, are inconsistent. If one is sound, the other can-
not be. The Supreme Court by accepting one repudiated
the other.

The discussion of the question whether in the case at bar
the objection to the judgment now made was waived by
admission in pleading or otherwise in the lower court, we
postpone, only to say that we adhere to the doctrine of the
Farley case, *supra,* that error in the judgment, if it exists,
is not one of form, but of substance. "The distinction be-
tween the parties is real and vital. The judgments obtained
against a railway corporation and those against its receivers
may be charges respectively on very different funds and as-
sets, and it is easy to conceive cases where their final enforce-
ment would place the ultimate loss on very different people."

The judgment in this case, if there was a liability for
the alleged injury to the plaintiff, should, if the pleadings
allowed it, have undoubtedly been against the receivers of
the Chicago Union Traction Company alone.

Whether the pleadings did so allow it, we will discuss
further on. Counsel for appellee, however, strangely mis-
apprehend what seems to us a very plain statement in the
Farley case, when they say that we there suggested that we
might "affirm the judgment as to some defendants and
reverse as to others, or at least enter an order reversing
the judgment and remanding the cause with permission to
the plaintiff to dismiss as to the companies and enter judg-

ment on the verdict already given against the receivers,"
but that we were "not inclined to do that in that case" be-
cause we "were not satisfied with the merits of the case."
What we said was that we might, if convinced of the justice
of the case against the receivers, properly adopt this course
*so far as substantial justice went,* and that it *was* adopted
by the Supreme Court of Arkansas in Memphis Ry. Co. v.
Stringfellow, 44 Ark., 322, but that we were powerless to do
so because in this State a well-known rule, firmly held as
the law, makes in all cases a judgment at law against several
defendants a unit, which can neither be reversed as to some
and affirmed as to others, nor reversed with directions to
the lower court to re-enter it as on the verdict against some
and not against others.    To this we cited many cases.    It
is also strange that counsel should have supposed that the
Farley case was reversed by us on its merits and the dis-
cussion of the judgment was *obiter dictum.*    The exact re-
verse was what we intended by our language.

Following the authorities we cited on this point in the
Farley case, we must hold that if this judgment is errone-
ous as to any of the defendants it is erroneous as a whole
and must as a whole be reversed.    And although from the
record itself it is hard to say that there is evidence in the
admission made by Mr. Mahony, at the close of the plain-
tiff's case, and apparently acquiesced in and binding the
plaintiff also, which shows whether it was the Chicago Union
Traction Company itself or the receivership of that company
which was operating the car in question on August 29, 1904,
it was plainly one or the other, and not both, and as the Chi-
cago Union Traction Company was not a defendant to the
suit and the receivers were, we may properly assume that
the admission, in referring to "these orders" meant orders
of a United States Court entered and acted upon before that
date.    So assuming, it follows from the view of the law
which we have given, that unless the pleadings or proceed-
ings show a reason to the contrary, the motion for a per-
emptory instruction for the defendants, the Chicago West
Division Railway Company, should have been granted; that

the similar motion for the receivers of the West Chicago
Street Railroad Company should have been granted; that a
new trial should have been granted to these defendants after
the verdict, and that the motions in arrest of judgment on
the verdict should have been granted. The motions men-
tioned for a peremptory instruction and for a new trial
should have been granted because there was no evidence
tending to show liability except as against the receivers of
the Chicago Union Traction Company, and the motions in
arrest of judgment should have been granted because the
defendants were such as could not have been jointly liable
for this alleged tort, nor could properly be joined in a judg-
ment at law of any kind, inasmuch as such judgment must
be enforcible in different methods.

Without discussing and distinguishing cases cited by con-
tending counsel here, it is sufficient to say that we have
no doubt of the general rule that it is not necessary to plead
a misjoinder when the fact of misjoinder appears affirm-
atively in the record. . It may be taken advantage of by a
motion in arrest of judgment. Nor have we any doubt, as
a general rule, that a general motion in arrest of judgment,
although not containing specific points of objection, pre-
serves for review anything coming properly within the scope
of said motion.

We have indicated, however, that the pleadings or pro-
ceedings might show a reason to the contrary of this. By
this we mean that although such a judgment as the one under
discussion must be erroneous, the various defendants might
have estopped themselves, by "waiver" or "admission" below,
from urging that error in the court of review. Such a
reason the Appellate Court and the Supreme Court found in
the Muttschall case, 131 Ill. App., 639, 230 Ill., 462, where
the defendants had by their counsel, in the view of the
court, jointly and severally affirmatively admitted in open
court that the right defendants had been jointly sued. To
allow them or either of them afterwards to complain in the
court above that the judgment, in the absence of specific
objection, had not been arrested, would be, in the opinion of

the reviewing courts, to allow a trap set for the trial court to be sprung.

But the decision of the Supreme Court in the Mutts-chall case is put plainly on an affirmative admission estopping the defendants from further denial. No such matter appears in the case at bar, and although, as we began this opinion by saying, we think that a public-spirited method of trying the cause might well, in the interests of justice, have led, without any want of fidelity to the interests of clients, to specific objections and argument in the court below on the questions here presented, we cannot say that counsel were not within their rights, or that any trap was laid for the court or any estoppel worked against the defendants by the course which they apparently adopted. There is certainly, in a matter like this, a great difference between affirmative speech or action and simple silence or inaction.

But it may be further urged with force that the Supreme Court has in a number of cases (summed up and cited in the Chicago Union Traction Company v. Jerka, 227 Ill., 95) decided that "allegations relating to the ownership of the road and cars are matters of mere inducement, which do not require proof on the part of the plaintiff unless they are denied by a special plea," and that the appellant in Pennsylvania Co. v. Chapman, 220 Ill., 428, "by filing only the general issue impliedly conceded that at the time of the alleged injury it was operating the particular line of road mentioned in the declaration, and that the operators in charge of the trains were its servants and employees," and that therefore the filing of the separate pleas of "not guilty" in the case at bar was an admission that the persons filing them were alike and jointly guilty if any tort as alleged was proved.

Propositions of law in opinions, however, must be considered in relation to the facts in the cases decided, and while the Supreme Court certainly has emphatically said that where there is no special plea, the allegation of the ownership and operation of the cars doing the injury are matters of inducement not put in issue in the case, we are not satisfied

43

that it meant to decide that, if D. sues A., B. and C. jointly
for a tort which injures him, and A., B. and C. each sepa-
rately pleads not guilty, and (the tort being one which in the
nature of things the three could not be jointly liable for)
the evidence shows that it was committed by A. alone, a
verdict and judgment may and indeed should be rendered
against A., B. and C. jointly, because the injury has been
proven and each person accused of it has pleaded nothing
except that he was not guilty.

But if such be the effect of the Supreme Court decision,
it would not control this case for reasons not yet alluded
to.   We have hitherto discussed the case as though the judg-
ment might, if the facts of the occurrence justified it, have
been sustained against the receivers of the Chicago Union
Traction Company, if the other defendants had been, before
the verdict, dismissed from the case.   But the truth is, that
the declaration states no cause of action whatever against the
receivers of the Chicago Union Traction Company or the
receivers of the West Chicago Street Railroad Company, al-
though it might be held to state such a cause against the
Chicago West Division Railway Company, which is a de-
fendant, and the West Chicago Street Railroad Company and
the Chicago Union Traction Company, neither of which was
served nor is a defendant, although the latter is so denomi-
nated in the body of the declaration several times.

To one bearing in mind the absolute distinction in char-
acter and interest between the receivers of a corporation and
the corporation itself, this is plain.   It is also plain that
the pleader entirely lost sight of this distinction and con-
founded the receivers of a corporation with the officers,
servants, agents or representatives of the corporation.   From
this it came that he has declared, not that *the receivers of
the Chicago Union Traction Company,* but that *the Chicago
Union Traction Company* drove its grip car into plaintiff's
wagon, and only connects the receivers of the Chicago Union
Traction Company with the matter by saying that the Chi-
cago Union Traction Company "by its receivers" was pos-
sessed of and operating the road, etc.,—a statement which is

in itself an absurdity.    The receivers of the West Chicago Street Railroad Company are not mentioned at all in the body of the declaration after being named as defendants.

We must hold, therefore, that this declaration does not state a cause of action against the receivers of the Chicago Union Traction Company or against the receivers of the West Chicago Street Railroad Company.    If that be true, then the general issues filed by them did not admit allegations which did not exist; and, moreover, the defect was one which could be taken advantage of on the motions for an arrest of judgment.    It is a familiar rule of law that while a declaration defectively stating a cause of action is good against a motion in arrest after verdict, one stating a defective cause, or none at all, is not.

We have not examined the merits of this cause against the receivers of the Chicago Union Traction Company for the reason that we cannot see how the judgment in its present form can be sustained.    The judgment of the Superior Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

*Note.*    The remanding portion of the judgment in this case was in accordance with a stipulation of the parties vacated in order that an appeal might be taken.